681 P.2d 741

**EMPLOYERS NATIONAL INSURANCE COMPANY, Petitioner-Appellee,**

v.

**Rita D. (Harcrow) WINTERS, individually and as next friend of Chad Lee Harcrow, a minor child, Respondent-Appellant.**

**No. 7526.**

Court of Appeals of New Mexico.

April 5, 1984.

David R. Vandiver, Losee, Carson & Dickerson, P.A., Artesia, for respondent-appellant.

J.W. Neal, Neal & Neal, Hobbs, Ronald Segal, John A. Bannerman, Sutin, Thayer & Browne, P.C., Albuquerque, for petitioner-appellee.

Dewie B. Leach, Hobbs, N.M., guardian ad litem.

## OPINION

DONNELLY, Chief Judge.

The respondent, Rita D. Winters, surviving widow of decedent Kenneth D. Harcrow, appeals from an order of the trial court denying her motion for the payment of a lump sum award of workers' compensation benefits following her remarriage. On appeal respondent raises two issues: (1) error in denial of lump sum award; and (2) denial of attorneys fees. We reverse.

*Facts*

On October 15, 1979, Kenneth D. Harcrow, respondent's deceased husband, was injured while working at a drilling site near Artesia. The injuries subsequently result-

ed in his death. Respondent and her deceased husband are the parents of Chad Lee Harcrow, a minor.

Following the death of decedent, his employer, WEK Drilling Company (WEK), and Employers National Insurance Company (Employers), its worker's compensation insurance carrier, voluntarily paid compensation benefits pursuant to NMSA 1978, Section 52–1–46, to the respondent and her minor child, in the amount of $186.38 per week.

On December 23, 1982, respondent remarried. Following her remarriage, respondent made demand upon Employers and WEK for the payment of a lump sum benefit equal to two years' payment of weekly compensation benefits pursuant to Section 52–1–46(C). Employers refused to pay the lump sum benefits and filed a declaratory judgment action in the District Court of Lea County. The action sought judicial determination as to whether respondent was entitled to receive two years' lump sum compensation benefits and, if so, whether any lump sum payments so payable should be deducted from the remaining compensation benefits otherwise payable to her minor child.

Respondent filed an answer and counterclaim asserting that she was entitled to the lump sum award of worker's compensation benefits which Employers had refused to pay and seeking an award of attorneys fees. The trial court appointed a guardian ad litem to represent the minor child.

Following a hearing on Employers' motion for summary judgment, the district court found that the essential facts underlying the disagreement between the parties were undisputed. The court granted summary judgment denying respondent's request for the payment of lump sum benefits and adopted inter alia the following conclusions of law:

4.

Winters [respondent], the widow of Kenneth D. Harcrow, was a spouse entitled to compensation benefits as a result of the death of Kenneth D. Harcrow as provided in Sec. 52–1–46 N.M.S.A. (1978).

5.

By virtue of remarriage, Winters is not entitled to two years' compensation benefits in one lump sum as provided in Sec. 52–1–46(C)(4) N.M.S.A. (1978) until such time as the benefits to the minor child are terminated as provided in Sec. 52–1–17(E).

6.

Winters is not entitled to receive any additional weekly compensation benefits unless the conditions set forth in Sec. 52–1–46(F) occur.

7.

Winters is not entitled to any attorney fees in this action.

The trial court's order denying the award of lump sum benefits also directed that weekly compensation benefits of $186.38 should be continued to be paid to respondent on behalf of her minor child and should be deposited by her in an interest bearing account, not to be withdrawn without prior court approval.

Respondent filed a timely appeal from the trial court's order denying her counterclaim seeking a lump sum award and attorneys fees.

I. *Denial of Lump Sum Award*

Respondent contends that she is entitled to the payment of two years' compensation benefits in one lump sum award under the provisions of Section 52–1–46. That statute provides:

Subject to the limitation of compensation payable under Subsection G of this section, if an accidental injury sustained by a workman proximately results in his death within the period of two years following his accidental injury, compensation *shall be* paid in the amount and to the persons entitled thereto, as follows:

\*　　\*　　\*　　\*　　\*　　\*

B. if there be eligible dependents at the time of the workman's death, pay-

ments shall consist of * * * compensation benefits to the eligible dependents as hereinafter specified, subject to the limitation of the maximum period of recovery of compensation of six hundred weeks;

C. if there are eligible dependents entitled thereto, compensation *shall be paid* to the dependents or to the person appointed by the court to receive the same for the benefit of the dependents in such portions and amounts, to be computed and distributed as follows:

(1) to the child or children, if there be no widow or widower entitled to compensation, sixty-six and two-thirds percent of the average weekly wage of the deceased;

* * * * * *

(3) to the widow or widower, if there be a child or children living with the widow or widower, forty-five percent of the average weekly wage of the deceased, or forty percent, if such child is not or all such children are not living with a widow or widower, and in addition thereto, compensation benefits for the child or children which shall make the total benefits for the widow or widower and child or children sixty-six and two-thirds percent of the average weekly wage of the deceased. When there are two or more children, the compensation benefits payable on account of such children shall be divided among such children, share and share alike; *and*

(4) *two years' compensation benefits in one lump sum shall be payable to a widow or widower upon remarriage*; however, the total benefits shall not exceed the maximum compensation benefit as provided in Subsection B of this section;

* * * * * *

F. in the event of the death or remarriage of the widow or widower entitled to compensation benefits as provided in this section, the surviving children shall then be entitled to compensation benefits computed and paid as provided in Paragraph (1) of Subsection C of this section for the remainder of the compensable period. In the event compensation benefits payable to children as provided in this section are terminated as provided in Subsection E of Section 52–1–17 NMSA 1978, a surviving widow or widower shall then be entitled to compensation benefits computed and paid as provided in Paragraphs (2) and (4) of Subsection C of this section for the remainder of the compensable period * * * *

G. no compensation benefits payable by reason of a workman's death shall exceed the maximum weekly compensation benefits as provided in Section 52–1–41 NMSA 1978 and no dependent nor any class thereof, other than a widow, or widower or children, shall in any event be paid total benefits in excess of seven thousand five hundred dollars ($7,500) exclusive of funeral expenses and the expenses provided for medical and hospital services for the deceased paid for by the employer. [Emphasis added.]

Respondent argues that the language of Subsection C(4) is mandatory and establishes a widow's entitlement upon demand to two years' compensation benefits payable in one lump sum upon remarriage, even though her son's separate right of recovery of compensation benefits may be thereby reduced. Respondent also asserts that payment of the lump sum award to her would not result in the total benefits paid to her exceeding the 600-week maximum permissible period of recovery.

Employers, however, contends that Sections 52–1–46(C)(4) and (F) should logically be construed together, so as to mean that the lump sum benefit to a widow is payable immediately only in the case where she has no minor children who are eligible to receive compensation benefits. Decedent died on or about October 15, 1979, and up until the time of respondent's remarriage on December 23, 1982, approximately 220 weeks had elapsed, leaving approximately 380 weeks of remaining recoverable benefits. Employers points out that the full 600-week period of benefits allowed under

Section 52–1–46(B) will expire before respondent's minor child attains the age of eighteen. Employers argue that the direct result of any immediate payment of a two-year lump sum to respondent would be to favor respondent and deprive her minor child of his right to recover two full years of compensation benefits.

Employers argues for a construction of Section 52–1–46, which although denying respondent the immediate right to receive payment of a lump sum award at the time of her remarriage, would nevertheless preserve and prolong the right of her minor child to continue receiving worker's compensation benefits up to the maximum period of 600 weeks. The statutory construction urged by Employers is an interpretation that Section 52–1–46 permits a surviving widow to receive payment of a lump sum award upon her remarriage only *after* any benefits otherwise payable to an eligible surviving minor child have terminated.

The issue before us is whether upon remarriage of respondent she is entitled to the payment of a lump sum award of compensation benefits (subject to the 600 weeks limitation on the maximum period of recovery) or whether the trial court may deny the payment of the lump sum award to her in order to prolong the right of her minor son to receive the payment of compensation benefits.

The issue thus presented is a matter of first impression in this jurisdiction.

■ We conclude that under Section 52–1–46, the legislative intent was to permit a surviving widow or widower who is currently receiving compensation benefits to recover as of the date of any remarriage, a lump sum award equal to two years' compensation benefits. The right to such recovery is mandatory, subject, however, to the limitation that any recovery may be reduced by the 600-week maximum payment limitation. Under Section 52–1–46(C)(4), a surviving widow or widower is entitled to a lump sum payment of two years' compensation benefits upon remarriage, even though the concomitant effect

of such award may reduce the benefits payable to a surviving child.

A similar result was upheld in *Blankenship v. Highlands Insurance Co.,* 594 S.W.2d 147 (Tex.Civ.App.1980), where the Court of Civil Appeals of Texas construed a provision of the Texas worker's compensation law. Tex.Rev.Civ.Stat.Ann. art. 8306 § 8 (Vernon Supp.1978). The court in *Blankenship* held that both a surviving spouse and the minor children have a vested interest in workmen's compensation benefits as of the date of the death of the deceased worker, and where the spouse has remarried and received the two years' lump sum benefit, the minor children have a reversionary interest in the remaining death benefits previously paid to the spouse. Although the exact language of the Texas statute differs in form from Section 52–1–46 of our law, we conclude that the rationale adopted by the court in *Blankenship* is also persuasive here. *See also Freeman v. Texas Compensation Insurance Co.,* 586 S.W.2d 172 (Tex.Civ.App. 1979). *Cf. Garcia v. Middle Rio Grande Conservancy District,* 99 N.M. 802, 664 P.2d 1000 (Ct.App.), *cert. denied,* 99 N.M. 740, 663 P.2d 1197 (1983); *Employers Mutual Liability Insurance Company of Wisconsin v. Jarde,* 73 N.M. 371, 388 P.2d 382 (1963).

■ The effect of any denial of the right of respondent to receive a lump sum award would be to relegate her to a lesser beneficiary priority under the statute than that of her minor child. *See Aragon v. Anaconda Mining Co.,* 98 N.M. 65, 644 P.2d 1054 (Ct.App.1982). Employers contends that since respondent has remarried, her new husband is obligated to support her, and thus her right to collect worker's compensation benefits should now be secondary to that of the minor child. *See* NMSA 1978, § 40–2–1 (Repl.Pamp.1983). However, as set forth by the legislature in the statutory scheme it adopted in Section 52–1–46 for the distribution of death benefits to the worker's survivors, the surviving spouse and children of the deceased worker are of the same co-equal class of depend-

**320**

ents eligible for death benefits. While in New Mexico, under Section 40–2–1, husband and wife both have a mutual obligation to support the other, the mother still has a primary duty to support her minor child and is entitled to compensation benefits in her own right.

 We construe Subsection F of Section 52–1–46, providing for the continued payment of compensation benefits to surviving eligible children of a deceased workman, to be subject to the entitlement of a surviving spouse on remarriage to the payment of lump sum benefits provided in Section 52–1–46(C)(4).

As noted in 2 A. Larson, *The Law of Workmen's Compensation* § 64.42 (1983), one underlying purpose in providing for the payment of a lump sum award to a surviving widow on remarriage is to lessen the disincentive to remarriage that would be inherent in a flat cut-off of dependency benefits.

Respondent is entitled to immediate payment of the lump sum award of weekly compensation benefits. However, under Section 52–1–46(C)(3), respondent's weekly benefit before her remarriage was $125.81, and the child's weekly benefit was $60.57. The lump sum payment to which respondent is entitled is $125.81 per week multiplied by 104 weeks. For 104 weeks the minor child is to receive his weekly benefits of $60.57. *See* Section 52–1–46(G). Upon the expiration of 104 weeks, the child is entitled to receive weekly payments of 66⅔ % of the average weekly wage ($186.38) pursuant to Section 52–1–46(C)(1). *See Blankenship v. Highlands Insurance Co.* The sums paid during the pendency of this litigation shall first be applied to the child's accrued benefits; the remainder shall be applied toward the lump sum payment.

II.  *Attorneys Fees*

Respondent asserts that she is entitled to an award of reasonable attorneys fees in prosecuting her right to recover payment to her of the lump sum award. We agree.

Recovery of compensation or obtaining a benefit under the Workmen's Compensation Act is a prerequisite to any entitlement to attorneys fees, *Morgan v. Public Service Co. of New Mexico*, 98 N.M. 775, 652 P.2d 1226 (Ct.App.1982). The former widow has obtained a benefit, as stated in this opinion. We have determined that respondent was entitled to an award of attorneys fees for her counsel in district court.

The order on summary judgment is reversed and the cause remanded for proceedings consistent with this opinion. Plaintiff is awarded $1,200 as attorneys fees on appeal. . No costs are awarded.

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.