(687 P.2d 23)

No. 55,665

RICHARD H. LACKEY, Deceased, *Claimant/Appellee,* v. D & M TRUCKING, *Respondent/Appellant,* and HOME INSURANCE COMPANY, *Insurance Carrier/Appellant.*

Opinion filed August 30, 1984.

*John E. Fierro,* of Dodge City, for the appellants.

*Jeff Johnson,* of Hugoton, for the appellee.

Before REES, P.J., SWINEHART and BRISCOE, JJ.

SWINEHART, J.: This is an appeal by D & M Trucking, the respondent, and Home Insurance Company, the insurance carrier, from the district court's order affirming the decision of the administrative law judge. The district court held: (1) that an

employer's lump-sum payment made to a surviving legal spouse upon her remarriage, as provided in K.S.A. 44-510b(*b*), does not entitle that employer to the eight percent discount provided in K.S.A. 44-531(*a*); (2) that the surviving spouse's share of a workers' compensation award should be reapportioned to the surviving dependent children from the date of that spouse's remarriage; and (3) that an award of attorney fees against the employer to the attorney representing the surviving dependent children was proper under the provisions of K.S.A. 44-536.

Richard Lackey was killed in August, 1981, while working for respondent, D & M Trucking. Benefits in the following amounts were awarded to decedent's dependents pursuant to K.S.A. 44-510b: Roxanna Lackey, widow - $93.50 weekly; James and Keri Lackey - $93.50 weekly. Decedent's widow remarried on September 25, 1982, and took the name Roxanna Nairn.

Jeff Johnson, conservator and attorney for Keri and James Lackey, filed and served in November, 1982, a written motion for reapportionment of those benefits awarded in October, 1981, pursuant to K.S.A. 44-510b. After hearing this motion on November 15, 1982, the administrative law judge awarded Roxanna Nairn the lump sum of one hundred weeks of benefits, without any discount, under the terms of that statute. Keri and James were awarded those benefits payable to Roxanna as of September 25, 1982, the date of Roxanna's remarriage. Respondent and insurance carrier appealed to the district court. The district court affirmed those awards, and, in addition, awarded Jeff Johnson attorney fees amounting to $961.40.

We first examine the district court's ruling that the employer was not entitled to an eight percent discount on the one-hundred-week lump-sum payment to Roxanna upon her remarriage.

Two sections of the Kansas Workmen's Compensation Act are alleged to be pertinent to this issue. K.S.A. 44-510b(*b*) provides:

"Upon the remarriage of a surviving legal spouse receiving compensation under this section, the benefits being paid to such spouse shall terminate, except that upon such remarriage, one hundred (100) weeks of benefits at the highest rate paid to such spouse under this section, shall be paid to such spouse in one lump sum."

K.S.A. 44-531 provides:

"(*a*) Where all parties agree to the payment of all or any part of compensation due under the workmen's compensation act or under any award or judgment, and where it has been determined at a hearing before the director or an assistant

director that it is for the best interest of the injured employee or the dependents of a deceased employee, or that it will avoid undue expense, litigation or hardship to any party or parties, the director may permit the employer to redeem all or any part of his liability under the workmen's compensation act by the payment of compensation in a lump sum. The employer shall be entitled to an eight percent (8%) discount on the amount of any such lump sum payment, exclusive of any compensation due as of the date of such lump sum payment. Upon paying such lump sum the employer shall be released and discharged of and from all liability under the workmen's compensation act for that portion of the employer's liability redeemed under this section.

"(b) No lump sum awards shall be rendered under the workmen's compensation act except as provided in subsection (a) of this section, in cases of remarriage of a surviving spouse as provided in K.S.A. 44-510b, as amended, in cases involving compensation due the workman at the time the award is rendered as provided in K.S.A. 44-525, as amended, and in cases of past due compensation as provided in K.S.A. 44-529."

Respondent argues that its lump-sum payment to Roxanna, as required by 44-510b(b), redeemed part of its liability under the act, and entitles it to an eight percent discount under 44-531. This issue of statutory construction is one of first impression in Kansas.

The following general rules guide us in construing the Workmen's Compensation Act:

"[T]his court has been firmly committed to the rule of liberal construction of the act in order to award compensation to the workman where it is reasonably possible to do so, and to make the legislative intent effective and not to nullify it. *Chapman v. Wilkenson Co.*, 222 Kan. 722, 567 P.2d 888 [1977] [citations omitted] . . . .

". . . Legislative intent is to be determined by a general consideration of the entire act. Effect should be given, if possible, to the entire statute and every part thereof. To this end it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible. *Easom v. Farmers Insurance Co.*, 221 Kan. 415, 421, 422, 560 P.2d 117 [1977]. Where a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. *Lakeview Gardens, Inc. v. State, ex rel. Schneider*, 221 Kan. 211, 214, 557 P.2d 1286 [1976]. Where various provisions of an act conflict, this court should attempt to reconcile such provisions in order to make them harmonious and sensible. *Jordan v. Doonan Truck & Equipment, Inc.*, 220 Kan. 431, 434, 552 P.2d 881 [1976]." *Brinkmeyer v. City of Wichita*, 223 Kan. 393, 396-97, 573 P.2d 1044 (1978).

Applying these rules, we find respondent's argument to be unpersuasive.

K.S.A. 44-531(a) establishes one situation in which lump-sum

payments are authorized and provides for an eight percent discount in such situations. In contrast, 44-531(*b*) specifies all the circumstances in which lump-sum payments are permitted, and clearly distinguishes between lump-sum payments authorized under 44-531(*a*) and lump-sum payments made pursuant to 44-510b(*b*). 44-531(*b*) does not provide that the eight percent discount under 44-531(*a*) also applies to every situation in which lump-sum payments are statutorily allowed.

The elements of a lump-sum payment under 44-531(*a*) are: (1) all parties agree to a payment under the act or in compliance with an award; (2) the director determines that a lump-sum payment is in the best interest of the employee and/or dependents; and (3) the director "may permit" the employer to redeem all or part of its liability under the act. In contrast, the lump-sum award under 44-510b(*b*) is not a product of the parties' agreement or the exercise of the director's discretion. The statutory discount in 44-531(*a*) was intended as a benefit for "an employer who manifests a whole-hearted readiness to do for his injured workman all that the compensation law requires of him." *Edgar Zinc Co. v. Hamer,* 130 Kan. 58, 62, 285 Pac. 550 (1930).

In considering statutes which require a lump-sum payment to a widow upon remarriage, one commentator noted: "The obvious purpose of such a provision is to lessen the disincentive to remarriage that would be inherent in a flat cut-off of dependency benefits." 2 Larson on Workmen's Compensation Law § 64.42 (1983). In construing the Missouri provision for remarriage payment, the Missouri Supreme Court ruled: "*Yardley* [*v. Montgomery,* 580 S.W.2d 263 (Mo. 1979)] considered the remarriage payment to be a matter separate and apart from ordinary compensation benefits, and that the remarriage payment is not an installment of compensation. Neither does it represent an advance payment of future installments of compensation." *Ikerman v. Koch,* 580 S.W.2d 273, 279 (Mo. 1979). We find the Missouri Supreme Court's conclusion to be persuasive, since the reference in 44-510b(*b*) to the one hundred weeks of benefits appears to be merely the manner of calculating the lump-sum payment, and does not create any opportunity for the employer to redeem its liability under 44-531(*a*). Similarly, the New Jersey Supreme Court interpreted its statutory remarriage provision to mean: "that upon remarriage (1) the widow receives in lump sum,

*without discount,* the balance of the compensation not yet accrued to her, or $1,000, whichever is the lesser . . . ." (Emphasis supplied.) *Blumenfeld v. Rust Craft Greeting Cards, Inc.,* 51 N.J. 1, 4, 236 A.2d 883 (1967).

We have considered the cases cited by respondent and insurance carrier, and recognize that there exists a split of authority on this issue. However, our liberal construction of the relevant provisions of the Kansas Workmen's Compensation Act leads us to hold that the district court did not err in denying respondent the eight percent discount under K.S.A. 44-531(*a*).

Secondly, we examine the district court's ruling that the reapportionment to the dependent children of the remarried spouse's share of the award should commence from the date of remarriage.

Claimants question whether respondent can appeal a reapportionment decision and cite the general rule from *McCormick et al. v. Coal & Coke Co.,* 117 Kan. 686, 692, 232 Pac. 1071 (1925), that "the employer cannot appeal from an apportionment among dependents wholly dependent, because it is a matter which does not concern him." However, since respondent argues the amount of compensation requested by claimants and awarded by the court is erroneous, the respondent's interests and concerns are clearly involved. See *McCormick,* 117 Kan. at 692-93.

Respondent in this second issue maintains the same premise: that its lump-sum payment to the spouse upon her remarriage under 44-510b(*b*) constitutes a redemption of its liability for one hundred weeks of benefits. Respondent then adduces that the part of its liability to Roxanna reapportioned to James and Keri Lackey under 44-510b(*g*) does not begin until one hundred weeks after the date of Roxanna's remarriage. This issue also is a matter of first impression in Kansas, although other jurisdictions have addressed it.

We could summarily resolve this issue by reliance upon our holding under the first issue that respondent's lump-sum payment was not a redemption of its liability. Nevertheless, we examine several decisions from other jurisdictions which hold that dependent children receive the surviving spouse's periodic benefits immediately upon his or her remarriage.

In *Yardley v. Montgomery,* 580 S.W.2d at 269, the Missouri Supreme Court held that the periodic payments which the

widow would have received had she not remarried were to be divided immediately among the remaining dependents upon the remarriage. In its holding, the court stressed the word "thereupon" in construing the following amendment to Mo. Rev. Stat § 287.240 (4)(a) (1975 Supp):

" 'In the event of remarriage, a lump sum payment equal in amount to the benefits due for a period of two years shall be paid to the widow or widower. *Thereupon* the periodic death benefits shall cease unless there are other total dependents entitled to any death benefit under this chapter in which event the periodic benefits to which said widow or widower would have been entitled had he or she not died or remarried, shall be divided among other total dependents and paid to them during their period of entitlement under this chapter.' " (Emphasis supplied.) 580 S.W.2d at 269-70.

K.S.A. 44-510b(*g*) can be similarly construed, as it provides:

"The marriage or death of any dependent shall terminate all compensation, under this section, to such dependent, but shall not increase or decrease the compensation allowed to any other dependents except that, *upon the marriage* or death of the surviving legal spouse or a dependent child, the compensation payable to such spouse or child *shall be reapportioned to those,* among the surviving legal spouse and dependent children, who remain eligible to receive compensation under this section." (Emphasis supplied.)

The Kansas Legislature apparently intended the payments otherwise payable to the surviving spouse to be reapportioned and paid to other eligible dependent children upon that spouse's remarriage.

The New Jersey Supreme Court, which also construed its statute to require immediate payment to dependents upon the surviving spouse's remarriage, relied on legislative intent:

"The question then is whether the Legislature intended to cut down the benefits theretofore payable to other total dependents or intended the payment to the widow on remarriage to be an additional obligation of the employer. Neither the wording of the statute nor its history indicates which of these approaches was in the legislative mind. We think it more likely that the Legislature intended the burden of the increase to be borne by the employer. This view is more in keeping with the remedial objective of the compensation law.

". . . [T]he compensation payable to the other total dependents must be recomputed as of the date of the remarriage." *Blumenfeld v. Rust Craft Greeting Cards, Inc.,* 51 N.J. at 4.

Respondent contends that if the benefits reapportioned to the children are not tolled for one hundred weeks, then the maximum benefit provision of 44-510b(*a*) will be violated. The Texas Supreme Court utilized this same point as its rationale for post-

poning the redistribution of the widow's benefits until two years after her remarriage. *Freeman v. Texas Compensation Ins. Co.,* 603 S.W.2d 186, 191 (Tex. 1980). However, unlike the Kansas statutes, as of the date of the *Freeman* decision, the Texas Workers' Compensation Act did not address the effect of remarriage on the overall liability of the carrier to remaining beneficiaries. 603 S.W.2d at 189. Consequently, the Texas Supreme Court treated the death benefits as a fixed amount with the lump-sum award to the surviving spouse upon remarriage as merely a portion of the fixed death benefits. 603 S.W.2d at 189-91. Accordingly, the *Freeman* decision is not persuasive authority for construing Kansas statutes.

The maximum benefit provision in 44-510b(*a*) states that "in no event shall such *weekly benefits* exceed, nor be less than, the maximum and minimum weekly benefits provided in K.S.A. 44-510c." (Emphasis supplied.) Since the lump-sum award under 44-510b(*b*) is not a weekly benefit, the maximum benefit limit of 44-510b(*a*) is not violated by the reapportionment.

We hold the district court properly reapportioned the surviving spouse's periodic payments to the Lackey children as of the date of her remarriage.

Finally, we examine the district court's award of attorney fees to the attorney representing the two surviving children on the issue of the commencement of the reapportionment of the award.

K.S.A. 44-536 specifies the circumstances where attorney fees may be awarded in cases brought under the Workmen's Compensation Act. As the reapportionment proceedings are not "in connection with any initial or original claim for compensation . . . ." (44-536[*a*]), 44-536(*g*) is the applicable provision. It reads:

"In the event any attorney renders services to an employee or his or her dependents, *subsequent to the ultimate disposition of the initial and original claim,* and in connection with an application for review and modification, a hearing for vocational rehabilitation, a hearing for additional medical benefits, *or otherwise,* such attorney shall be entitled to reasonable attorney's fees for such services, in addition to attorney's fees received or which he or she is entitled to receive by his or her contract in connection with the original claim, and such attorney's fees *shall be awarded by the director on the basis* of the reasonable and customary charges in the locality for such services and not on a contingent fee basis. If the services rendered under this subsection by an attorney result in an additional award of compensation, the attorney's fees shall be paid from such amounts of compensation. If such services involve no additional award of

compensation, the director shall fix the proper amount of such attorney's fees in accordance with this subsection and such fees shall be paid by the employer." (Emphasis supplied.)

At the hearing before the administrative law judge, the claimant's attorney never requested attorney fees pursuant to 44-536(g). The record on appeal does not reflect that any written request was filed with the director.

Respondent argues the district court's award of attorney fees was erroneous because: (1) The district court lacked authority to award attorney fees, as the statute specifies it is the director's decision; (2) the statute does not provide for attorney fees beyond the administrative level; and (3) the children received an additional award, thus their attorney must deduct his fee from that additional award.

In addressing the matter of attorney fees in workers' compensation actions, the Kansas Supreme Court has followed these general rules:

"Turning to other authorities we find the rule stated in 101 C.J.S., Workmen's Compensation, § 818, p. 112, as follows:

" 'The right to attorney's fees in workmen's compensation cases is wholly dependent on the provisions of the compensation acts, and fees are allowable only in such proceedings and in such circumstances as the statutes permit.' (headnote.)

"In 2 Larson on Workmen's Compensation, Attorneys' Fees, § 83.11, p. 345, the rule is stated:

" 'The basic rule applicable to a compensation case is the same as that for any other kind of case: each party pays his own lawyer, win or lose. . . .'

"The universal rule appears to be that an allowance for an attorney's fee cannot be made unless expressly authorized by the Act." *Walker v. Davis Van & Storage Co.*, 198 Kan. 452, 455, 424 P.2d 473 (1967).

Since the *Walker* decision, the 1974 and 1977 Kansas Legislatures have amended 44-536 to define those situations in which attorney fees are authorized. In interpreting 44-536(h) this court has followed the general principle of liberally construing the act in favor of awarding compensation to the worker. *Madison v. Goodyear Tire & Rubber Co.*, 8 Kan. App..2d 575, 580, 663 P.2d 663 (1983).

Literally, 44-536(g) allows only the director to award attorney fees. The district court has jurisdiction "to increase or diminish any award of the director as justice may require." K.S.A. 1983 Supp. 44-556(b). As no claim for attorney fees was apparently made to the administrative law judge or the director and, there-

fore, no award made by either of them, the district court lacked statutory authority to make such an award on appeal of the order of reapportionment. Accordingly, the district court's award of attorney fees in the amount of $961.40 is reversed and vacated for lack of jurisdiction.

Affirmed in part and reversed in part.