302

In the Matter of the Claim of HELEN NEWMAN, Respondent, v PUBLIC OVERSIGHT BOARD et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, April 30, 1987

**APPEARANCES OF COUNSEL**

*Raymond C. Green (Eva Baer, Patricia McMahon* and *Je-*

*rome Platzman* of counsel), for State Insurance Fund, appellant.

*Robert Abrams, Attorney-General (Adele Bernhard* and *Carlin Meyer* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

CASEY, J.

At issue on this appeal is the interpretation of the provisions of Workers' Compensation Law § 16 (2-a) which govern the death benefits to be paid to a surviving spouse and children upon the spouse's remarriage. For the surviving spouse, the statute provides two years' compensation in one sum upon remarriage, and in the case of two surviving children, the statute provides that each child shall receive 25% of the deceased employee's average weekly wage upon remarriage of the surviving spouse (Workers' Compensation Law § 16 [2-a]). In the case at bar, claimant had been awarded benefits as a surviving spouse at the rate of 36⅔% of her deceased husband's average weekly wage and claimant's two children were awarded benefits at the rate of 30% of such wage, to be shared between them *(see,* Workers' Compensation Law § 16 [2-a]). When it was discovered that claimant had remarried, the case was reopened and, ultimately, the Workers' Compensation Board determined that claimant was entitled to the lump-sum payment and that the award to the two children should be increased to 25% each, effective as of the date of claimant's remarriage.

The employer and its carrier argue that the Board erred in directing the increase in the award to the two children as of the date of claimant's remarriage. They argue that the increase should not occur until two years after the date of remarriage. This argument is premised upon the theory that a 66⅔% wage share maximum upon compensation awards is "pervasive" in the Workers' Compensation Law and was "inadvertently or mistakenly" omitted from the provisions of Workers' Compensation Law § 16 (2-a), which govern the award to surviving children upon remarriage of the surviving spouse. This maximum, the employer argues, prohibits the increase in the award to the two surviving children during the two-year period covered by the lump-sum payment to the surviving spouse. The Board rejected this argument, concluding that the plain language of the statute required the in-

creased award to the children upon remarriage of the surviving spouse, not two years thereafter.

We agree with the Board. As the employer concedes, the Workers' Compensation Law contains a number of "exceptions" where compensation awards can exceed the 66⅔% wage share maximum, leaving little force to the claim that the maximum is so pervasive in the statutory scheme that its omission from the provisions at issue must have been the result of legislative inadvertence or mistake. In addition, the employer's argument would have merit only if the lump-sum award to the spouse was viewed as an advance payment of benefits due over the following two-year period, for then the 25% wage share award to each child plus the 36⅔% wage share award to the spouse during each of these two years would exceed the claimed 66⅔% maximum. We conclude, however, that the remarriage lump-sum payment to the spouse is not an advance payment.* Rather, it is separate and independent of periodic benefit payments (see, 2 Larson, Workmen's Compensation § 64.42). A widow is entitled to periodic benefit payments only during widowhood, with her entitlement terminating upon her remarriage (Matter of Nakoneczna v I & L Eisenberg, 60 AD2d 403, 406). It would be inconsistent to view the lump-sum award as an advance payment of future benefits to which there is no entitlement. The employer's argument, therefore, was properly rejected by the Board and its decision should be affirmed.

MAHONEY, P. J., KANE, MAIN and LEVINE, JJ., concur.

Decision affirmed, with costs to the Workers' Compensation Board.

---

* To the extent that Carlin v Lockport Paper Co. (214 App Div 354) is to the contrary, it is overruled.