■ In the Matter of the Claim of WALTER BILLIGMEIER, Respondent, v CRES DRY WALL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed October 23, 1989, which, inter alia, ruled that the workers' compensation insurance carrier was not entitled to credit for payments made in a previously closed workers' compensation case.

The workers' compensation insurance carrier contends that it is entitled to credit for those benefits received by claimant from a prior lump-sum settlement with a different carrier for an unrelated injury. The carrier argues that when the lump-sum settlement is allocated at a weekly rate of $105 and added to claimant's present weekly benefits of $300, he is receiving benefits in excess of the statutory limit. However, claimant has never received more than $300 per week, the statutory limit (Workers' Compensation Law § 15 [6] [a] [6]), because he received his entire lump-sum settlement for his unrelated injury before the accident in this case occurred. The allocation is done for the sole purpose of determining when the Special Fund for Reopened Cases would be liable if the case were to be reopened (see, Workers' Compensation Law § 25-a [1], [7]), a situation not involved here. The lump-sum payment is not to be viewed as an advance payment of

benefits to be considered over an allocated period but, rather, a final payment that is separate from any periodic payments *(see, Matter of Newman v Public Oversight Bd.,* 127 AD2d 302, 304, *lv denied* 70 NY2d 606). Because no reason exists to permit the carrier to reduce its payments to claimant, the decision should be affirmed

Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur. Ordered that the decision is affirmed, with costs to the Workers' Compensation Board.