966 P.2d 1003

**Connie Kay SELF (Widow), Petitioner,**

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Brown & Root, Inc., Respondent Employer,**

**St. Paul Fire & Marine Insurance Co., Respondent Insurance Carrier.**

**No. 2 CA–IC 97–0035.**

Court of Appeals of Arizona, Division 2, Department B.

March 10, 1998.

Review Denied Nov. 17, 1998.

Les Gilbertson, Tucson, for Petitioner.

Anita R. Valainis, Chief Counsel, Industrial Commission of Arizona, Phoenix, for Respondent.

John W. Main, P.C., by John W. Main, Phoenix, for Respondent Employer and Respondent Insurance Carrier.

## OPINION

HOWARD, Judge.

¶1   In this statutory special action, petitioner Connie Self challenges the Administrative Law Judge's (ALJ) award delaying for two years the recalculation of workers' compensation death benefits for her minor children.  We set aside the award.

¶2   As a result of Self's husband's work-related death, she and her three minor children were entitled to death benefits pursuant to A.R.S. § 23–1046, which provides in pertinent part:

A.   In case of an injury causing death, the compensation therefor shall be known as a death benefit, and shall be payable in the amount, for the period, and to and for the benefit of the persons following:

* * *

2.   To the surviving spouse, if there is no child, thirty-five per cent of the average wage of the deceased, to be paid until such spouse's death or remarriage, with two years' compensation in one sum upon remarriage.

3.   To the widow or widower, if there is a child or children, the additional amount of fifteen per cent of such wage for each child until the age of eighteen years or until the age of twenty-two years if the child is enrolled as a full-time student in any accredited educational institution, the total not to exceed sixty-six and two-thirds per cent of the average wage.

4.   To a single surviving child, in the case of the subsequent death of a surviving husband or wife, or if there is no surviving husband or wife, twenty-five per cent of such average wages, or if there is more than one surviving child, twenty-five per cent for one child, and fifteen per cent for each additional child, to be divided among such children share and share alike, but not exceeding a total of sixty-six and two-thirds per cent of the average wage.  Compensation to any such child shall cease upon death, upon marriage or upon reaching the age of eighteen years, except, if over eighteen years and incapable of self-support, when he becomes capable of self-support.

* * *

Self would have been entitled to a death benefit of 80% of her husband's average wage, i.e., 35% for herself and 15% for each child; however, because of the limitation in subsection (A)(3), she received 66⅔% of her husband's average wage.

¶3   When Self remarried, her 35% monthly benefit terminated and she received a lump sum payment of two years' compensation pursuant to subsection (A)(2).  She then requested, pursuant to subsection (A)(3), the full minor children's portion of the death benefit (3 × 15% or 45% of the average wage) because, now that she was no longer receiving her surviving spouse's benefit, the total monthly benefit no longer exceeded 66⅔%.  Following a hearing, the ALJ concluded that the two years' compensation was "an advance on the compensation [Self] would have received over the next two years if she had not remarried" and held that the total allotment for the children should remain at 31⅔% per month (66⅔% minus 35%) for the two years following Self's remarriage and should be recalculated thereafter.

¶4   In this case of first impression in Arizona, we must determine whether Self's remarriage benefit, two years' compensation, is an independent award or advance monthly compensation that is to be included with the surviving children's benefit in calculating the 66⅔% maximum monthly benefit.

¶5   Respondents frame the issue as whether the lump sum award is compensation, asserting that, if it is, it must necessarily be included in the total that is subject to the 66⅔% limitation in subsection (A)(3).  We determine that the "one sum" award under subsection (A)(2) is compensation within the meaning of § 23–901, but that determination does not resolve the issue of whether the legislature intended that the one-time lump sum be included in calculating "the total" under subsection (A)(3) or whether the 66⅔% limitation applies only to the monthly benefits.

¶6   We review issues of statutory construction de novo and attempt to give effect to the legislature's intent.  *Universal*

*Roofers v. Industrial Comm'n*, 187 Ariz. 620, 931 P.2d 1130 (App.1996). We infer that intent from the language of the statute and from the general purpose of the act. *Salt River Project/Bechtel Corp. v. Industrial Comm'n*, 179 Ariz. 280, 877 P.2d 1336 (App. 1994). We construe workers' compensation statutes liberally and remedially, "with a view of effectuating the principle of placing the burden of death and injury on the industry." *Circle K Store No. 1131 v. Industrial Comm'n*, 165 Ariz. 91, 96, 796 P.2d 893, 898 (1990).

¶ 7 Respondents argue that we only need apply the plain meaning of the statute to determine this issue. The task is not that simple. The 66⅔% limitation in subsection (A)(3) does not by its own terms refer to either the 35% monthly payment to the wife or the lump sum award under subsection (A)(2). It simply refers to "the total," and we must therefore construe the statute in order to determine whether the limitation applies only to the children's monthly payments under subsection (A)(3), to all monthly payments, or to all monthly payments and the lump sum payment. In addition, subsection (A)(3) uses the term "widow" which, using the plain meaning of the word, would preclude a remarried spouse from receiving any children's benefits. *See Black's Law Dictionary*, 1598 (6th ed. 1990). By not arguing for this result, however, respondents are necessarily engaging in their own statutory interpretation. Similarly, subsection (A)(2) does not state that the lump sum is to

be considered *advance* compensation for the subsequent two years, as found by the ALJ, nor does it state that the children's award under (A)(3) should be maintained at the then current level for two years thereafter. The respondents' position, therefore, again requires construction of the statute. Our task is to construe the statute in accord with the intent of the legislature and policy of the statutory scheme which is to place the financial burden on the industry rather than the surviving family. *Circle K.*

¶ 8 For guidance, we turn to other jurisdictions with similar statutes. *State ex rel. Vivian v. Heritage Shutters, Inc.*, 23 Ariz. App. 544, 534 P.2d 758 (1975). Most courts that have considered this issue have concluded that the lump sum payment is an independent payment, not advance compensation, and therefore have required immediate recalculation of the surviving minor children's benefit.[1]

¶ 9 In *Aswell v. Rockwood Ins. Co.*, 519 So.2d 394 (La.App.1988), for example, the Louisiana Court of Appeals interpreted § 23:1233, La.Rev.Stat.Ann., a statute very similar to Arizona's, which provides: "[w]eekly payments to a surviving spouse shall continue until the death or remarriage of the surviving spouse. In the case of remarriage of a surviving spouse, two years['] compensation payments shall be payable in one lump sum." Like Arizona's statute, the Louisiana provisions limit death benefits to 65% of the decedent's wages and require that

---

1. *See Death & Permanent Total Disability Trust Fund v. Tyson Foods, Inc.*, 304 Ark. 359, 801 S.W.2d 653 (1991) (lump sum payment is not a weekly death benefit); *Arkansas Vinegar Co. v. Ashby*, 294 Ark. 412, 743 S.W.2d 798 (1988) (payment is a final payment); *Lackey v. D & M Trucking*, 9 Kan.App.2d 679, 687 P.2d 23 (1984) (payment upon remarriage is not a redemption of employer's liability and children were entitled to reapportionment as of date of remarriage); *Yardley v. Montgomery*, 580 S.W.2d 263 (Mo. 1979) (payment is award separate from death benefit); *Blumenfeld v. Rust Craft Greeting Cards, Inc.*, 51 N.J. 1, 236 A.2d 883 (1967) (payment did not discount compensation due to children and compensation must be recomputed as of date of remarriage); *Newman v. Public Oversight Board*, 127 A.D.2d 302, 515 N.Y.S.2d 347 (1987), *overruling Carlin v. Lockport Paper Co.*, 214 A.D. 354, 212 N.Y.S. 65 (1925) (remarriage lump sum independent payment); *State ex rel. Endlich v. In-*

*dustrial Comm'n*, 16 Ohio App.3d 309, 475 N.E.2d 1309 (1984) (lump sum payment upon remarriage is a "dowry" to the widow which does not prevent immediate reapportionment of benefits to the children); *Builders Exchange, Inc. v. Workmen's Compensation Appeal Bd.*, 64 Pa. Cmwlth. 94, 439 A.2d 215 (1982) (lump sum is payment for termination of spouse's right to indefinite compensation and is not credited against the children); *accord American Mut. Liab. Ins. Co. v. Smith*, 766 F.2d 1513 (11th Cir.1985) (federal statute requiring lump sum payment upon remarriage requires increase in compensation to children at time of remarriage). *See also* 5 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law*, § 64.42 (1997). *But see Employers Nat. Ins. Co. v. Winters*, 101 N.M. 315, 681 P.2d 741 (N.M.App.1984) (redistribution does not occur until two years after lump sum payment), *and Freeman v. Texas Compensation Ins. Co.*, 603 S.W.2d 186 (Tex.1980) (same).

the benefits be paid to the surviving spouse for the common benefit of the spouse and the dependent children. La.Rev.Stat.Ann. §§ 23:1232 and 23:1235. Reviewing decisions from other jurisdictions, the court in *Aswell* concluded that the remarriage lump sum payment was an independent payment that created an incentive to remarry, not advance compensation benefits. Once the spouse remarries, "the only compensation benefits left to be paid are those which are due to the remaining dependent[s] . . . without further reference to the remarrying widow." *Aswell*, 519 So.2d at 399. The court found no legislative intent requiring the remarried spouse to remain a dependent for the two years following remarriage or to penalize the minor child for the remarriage. Accordingly, the court required immediate recalculation of the surviving minor child's benefits.

¶ 10 Respondents argue that the courts in five of the majority rule cases were able to conclude that the lump sum is an independent award because their statutory language provides for a payment "equal to" two years' compensation. This minor difference in wording, however, is insufficient to demonstrate a difference in legislative policy. The phrase "two years' compensation," whether preceded by "equal to" or not, still simply provides, as stated in *Aswell*, "a means for calculating the lump sum payment and is not intended to refer to advanced compensation benefits for two additional years." 519 So.2d at 399. *See also Lackey v. D & M Trucking*, 9 Kan.App.2d 679, 687 P.2d 23 (1984). This, we find, furthers the policy of placing the financial burden of the employee's death on industry rather than on the surviving family. *Circle K.*

¶ 11 Respondents also attempt to distinguish those decisions involving statutes that require immediate reapportionment when a particular beneficiary's entitlement terminates. Although we acknowledge this distinction, it is not persuasive. In each of those decisions, the court determined that the lump sum payment was either a "final payment," *Arkansas Vinegar Co. v. Ashby*, 294 Ark. 412, 743 S.W.2d 798 (1988), a "separate benefit," *Yardley v. Montgomery*, 580 S.W.2d 263 (Mo.1979), or a payment in re-

turn for termination of the spouse's right to compensation, *Builders Exchange, Inc. v. Workmen's Compensation Appeal Board*, 64 Pa.Cmwlth. 94, 439 A.2d 215 (1982), rather than an advance on compensation. Immediate reapportionment to the remaining dependents occurred, therefore, because the surviving spouse's periodic death benefit terminated.

¶ 12 The language and effect of § 23–1046 also support the conclusion that the lump sum payment is an independent award. First, subsection (A)(2) requires payment of the surviving spouse's 35% benefit for two years in a lump sum upon his or her marriage. Unless we construe the statute to mean that the "one sum" is not a lump sum but rather a stream of monthly payments for the succeeding twenty-four months, application of the limitation under (A)(3) is difficult at best. The lump sum equals 70% of the employee's average wage for a year or 840% of the monthly wage, which indicates that the lump sum is a different category of payment. Because the lump sum payment by itself exceeds the 66⅔% maximum, the limitation could not have been meant to apply to the lump sum award. If the lump sum payment is included literally in calculating the 66⅔% maximum, all monthly payments would be reduced to zero until the suspended monthly payments equaled the lump sum.

¶ 13 Second, under subsection (A)(2), the lump sum benefit is paid regardless of whether there are dependent children. When there are no surviving dependent children, there are no future payments, and therefore, the lump sum cannot be offset against them. Third, subsection (A)(4), which provides for increased rather than decreased surviving children's benefits if the surviving spouse dies, does not support including the lump sum in calculating the 66⅔% maximum. In that section, the legislature could have provided, but did not, that the surviving children's increased benefits would be offset by the lump sum payment if a remarried surviving spouse dies within the two years after the payment.

¶ 14 In addition, treating the lump sum as advance compensation effectively perpetuates the spouse as a dependent for two years

after remarriage. *Aswell. See also* A.R.S. § 23–1064 (wife presumed dependent of deceased husband employee). We find no legislative intent to extend the spouse's dependency unnecessarily. The intent of the lump sum is to lessen the disincentive to remarry which would be inherent in a flat cut-off of benefits. 5 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law,* § 64.42 (1997). The insurer benefits because monthly payments, which would otherwise continue for the widow's life, are terminated. Finally, respondents agree that, if a surviving spouse dies within the two year period, the insurer cannot recover any portion of the lump sum payment, relying on § 23–1068. Although that statute may support their position, it applies only to benefits "payable" and does not resolve any issue of entitlement to benefits. A more cogent rationale for the result is that the surviving spouse is, by reason of her remarriage, entitled to an immediate lump sum, and not to a stream of monthly benefits over the ensuing two years.

¶ 15 We conclude, in accordance with the policy of worker's compensation statutory scheme, that the lump sum payment on remarriage in § 23–1046(A)(2) does not apply against the 66⅔% limitation in subsection (A)(3). The surviving spouse's periodic benefit terminates upon remarriage and the lump sum benefit is an independent payment rather than an advance on monthly compensation. Therefore, when the surviving spouse's monthly benefit terminates, the dependent children's monthly death benefit should be recalculated immediately without consideration of the lump sum benefit.[2]

¶ 16 The award is set aside.

PELANDER, P.J., and ESPINOSA, J., concur.

---

**2.** At oral argument, petitioner withdrew her contention that the children's death benefit should be recalculated based on § 23–1046(A)(4) rather than § 23–1046(A)(3), and we need not consider it.