JEAN S. BLUMENFELD, PETITIONER - RESPONDENT, v.
RUST CRAFT GREETING CARDS, INC., RESPONDENT-
APPELLANT.

Argued December 4, 1967—Decided December 21, 1967.

Mr. *Everitt Rhinehart* for appellant (*Mr. John W. Taylor,* attorney).

Mr. *Lloyd G. Beatty* for respondent (*Messrs. Egner and Beatty,* attorneys).

The opinion of the court was delivered

PER CURIAM. This case involves workmen's compensation benefits payable to a widow and her children. After the award, the widow remarried, whereupon the Division adjudged that the widow receive a lump sum of $1,000 and that the benefits due the children be recomputed as of the date of the remarriage. The Division rejected the employer's contention that the weekly payments should continue as originally ordered until the portions thereof allocated to the widow and paid to her after the remarriage aggregated $1,000, with the recomputation as to the children to occur at that point. The judgment was affirmed by the County Court, 92 *N. J. Super.* 244 (*Law Div.* 1966), and by the Appellate Division, 94 *N. J. Super.* 584 (1967). We granted the employer's petition for certification. 50 *N. J.* 90 (1967).

Under our statute the benefits payable to total dependents (the widow and children here are in that category) are a percentage of the wages of the deceased, subject to a maximum which, at the time of decedent's death, was $40 per week. The percentage of wages in the case of one dependent was then 35, in the case of two was 40, and in the case of three was 45. *N. J. S. A.* 34:15–13. Here 45% of wages exceeded the maximum of $40. The maximum was payable for the three dependents for 350 weeks, and since the children would then still be under 18 years of age, benefits continued to be payable for them at 40% of wages, for a rate of $39.23 per week, to be followed by a third period in

which one child remained under 18, during which period that child would receive 35% of wages or $34.32 per week.

The widow having remarried, the employer sought a modification under *N. J. S. A.* 34:15–13(g) which reads:

"* * * Should any dependent of a deceased employee die during the period covered by such weekly payments the right of such dependent to compensation under this section shall cease but should the widow of a deceased employee remarry during such period and before the total compensation is paid, she shall be entitled to receive the remainder of the compensation which would have been due her had she not remarried, or $1,000.00, whichever is the lesser."

The balance payable to the widow being in excess of $1,000, that sum became payable to her. The Division ordered it paid in a lump sum, rejecting the employer's contention that it be paid out of what was already ordered to be paid, at $20 per week, the widow's allocated share of the $40 rate.

Under the workmen's compensation law as originally enacted the widow continued to receive benefits notwithstanding that she married again. By *L.* 1913, *c.* 174, *p.* 305, it was provided that her entitlement would end upon remarriage. By *L.* 1956, *c.* 141, § 3, *p.* 570, the Legislature amended the act to provide, as it now does, that she receive what remains payable to her or $1,000, whichever is the lesser.

The employer points out that under the view of the amendment which prevailed below, the remarriage increases the benefits employers have to pay.[1] On the other hand, the view urged by the employer would reduce the benefits of other total dependents, for under the statute as it existed prior to the amendment the other dependents were entitled to a recomputation of the rate upon remarriage of the widow. So here, upon that remarriage, the children would have been entitled to receive a total of $39.23 per week at once,

[1] Whether under this view the total experience of employers will be worse than under the prior law, we cannot know, since it may be that some remarriages were then, but no longer will be, delayed because of the total cessation of benefits for the widow.

whereas under the employer's view they would receive but $10 each for a period of 50 weeks after remarriage during which the widow's share of $20 per week would accumulate to the figure of $1,000.

The question then is whether the Legislature intended to cut down the benefits theretofore payable to other total dependents or intended the payment to the widow on remarriage to be an additional obligation of the employer. Neither the wording of the statute nor its history indicates which of these approaches was in the legislative mind. We think it more likely that the Legislature intended the burden of the increase to be borne by the employer. This view is more in keeping with the remedial objective of the compensation law.

We accordingly hold that upon remarriage (1) the widow receives in lump sum, without discount, the balance of the compensation not yet accrued to her, or $1,000, whichever is the lesser, and (2) the compensation payable to the other total dependents must be recomputed as of the date of the remarriage.

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, GOLDMANN, SCHETTINO and HANEMAN—7.

*For reversal*—None.