**FEDERAL MARINE TERMINALS INC.; and the Continental Insurance Co., Plaintiffs,**

v.

**George A. BYRNE, Deputy Commissioner, Defendant,**

**Pauline M. Schmidt, Former Surviving Wife; Steven Grant McNeill, Joseph Roderick McNeill, and Bruce Travers McNeill, Surviving Children, a/c Death of Gordon T. McNeill, Deceased, Parties of Interest.**

**No. 68 C 827.**

United States District Court
N. D. Illinois, E. D.
Jan. 10, 1969.

---

---

Richard S. Wood, Chicago, Ill., for plaintiffs.

Thomas A. Foran, U. S. Atty., for the Government.

Eugene J. Becker, Chicago, Ill., for all Parties of Interest.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

### Motion of Defendant for Summary Judgment

Pursuant to Section 21 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 921, plaintiff brings this action for review and reversal of a compensation order made by a Deputy Commissioner of the Bureau of Employees Compensation, Department of Labor, who proceeded under Section 9(b) of the Compensation Act, 33 U.S.C. § 909(b). Defendant Commissioner has moved for summary judgment. This is an appropriate case for such a motion because there is no genuine factual dispute and the only question is whether the Deputy Commissioner correctly applied the statutory guidelines.

On June 22, 1965, Gordon T. McNeill was an employee of the plaintiff Federal Marine Terminals Inc., performing duties upon navigable waters of the United States. While performing service for his employer he sustained fatal injury when he slipped and fell into the hold of the ship. As his injury and death arose out of and in the course of the employment, his family became eligible for compensatory death benefits. 33 U.S.C. § 909. Pauline E. McNeill, the widow of the deceased, and Steven Grant McNeill, Joseph Roderick McNeill, and Bruce Travers McNeill, children of the deceased, filed a claim with the Bureau of Employee's Compensation. The Deputy Commissioner issued his decision awarding death benefits to Pauline E. McNeill, in her own behalf and on behalf of the children at a combined rate of $70.00 per week, beginning June 3, 1965, in bi-weekly installments. On September 2, 1967, Pauline E. McNeill remarried and the plaintiffs requested an amended award. Following a hearing, duly held in conformity with law, the Deputy Commissioner, on April 19, 1968, entered a modification of award of death benefits. He held that Pauline E. McNeill, now known as Pauline M. Schmidt was entitled to two years compensation in one sum because of her remarriage on September 1, 1967. That award was to be paid to Mrs. Schmidt by the plaintiff.

This factual background in mind, the sole issue to be determined is whether the Deputy Commissioner erred in ruling that a widow with children is entitled to a lump sum payment of two years compensation upon her remarriage. The

statute to be interpreted is 33 U.S.C. § 909(b) which states:

> (b) If there be a surviving wife or dependant husband and no child of the deceased, to such surviving wife or dependent husband 35 per centum of the average wages of the deceased, during widowhood, or dependent widowerhood, with two years' compensation in one sum upon remarriage; and if there be a surviving child or children of the deceased, the additional amount of 15 per centum of such wages for each such child; in case of the death or remarriage of such surviving wife or dependent husband, if there be one surviving child of the deceased employee, such child shall have his compensation increased to 35 per centum of such wages, and if there be more than one surviving child of the deceased employee, to such children, in equal parts, 35 per centum of such wages increased by 15 per centum of such wages for each child in excess of one: Provided, That the total amount payable shall in no case exceed 66⅔ per centum of such wages. The deputy commissioner having jurisdiction over the claim may, in his discretion, require the appointment of a guardian for the purpose of receiving the compensation of a minor child. In the absence of such a requirement the appointment of a guardian for such purposes shall not be necessary.

The language is particularly confusing and it is surprising that there is no reported case which construes the statute. There is, however, an unreported case which is instructive: Holland v. Dixie Sand and Gravel Corp., Civil Action No. 3541 (S.D.Tenn. July 22, 1960). In that case, as here, the remarrying widow had children. There, as here, the Deputy Commissioner awarded the widow a lump sum compensation upon her remarriage.

In *Holland,* however, the remarried widow claimed that the lump sum payment was not to be considered as compensation, but as a settlement, and, consequently, that she should receive not only this amount but that the amount should not be considered when calculating the payments to be made to the children. Defendant company as well as the Deputy Commissioner acknowledged that a remarrying widow was entitled to a lump sum payment, but argued that such payment must be considered in arriving at the children's award. In the instant case, the Deputy Commissioner asserts this latter position. Plaintiff, the deceased's former employer, however, takes the position that a remarrying widow with children is not entitled to a lump sum payment equivalent to two years compensation, but that the children are entitled to an increased statutory award.

Plaintiff's argument is that the initial clause of the section, that portion up to the first semicolon, provides a lump sum payment only where there is the remarriage of a surviving wife with no children of the deceased. Plaintiff contends that the next two clauses provide for the situations where there are both surviving wife and children. Otherwise plaintiff argues there would be no reason for the phrase " * * * in the case of the death or remarriage of such wife * * *, if there be one surviving child of the deceased employee. * * * "

We disagree with plaintiff's construction, and think it significant that the quoted phrase, the third part of the section under discussion, is not set forth as a separate sentence, but is connected as a segment of one large sentence which constitutes the entire statutory sub-section. To our minds this indicates that this part must be read as modifying what has been established by the previous clauses, rather than independently outlining a new procedure. Thus, we read the first phrase, up to the first semicolon, as setting forth the childless widow's award of 35 per cent of the deceased's average wages and providing

**36**

a lump sum payment upon her remarriage. The second phrase, up to the second semicolon, is additive, providing an extra award for each surviving child of the deceased. The clause says nothing about the lump sum award. We read the third phrase, up to the colon, to deal solely with apportionment of the award to any surviving child or children after their mother's remarriage. Again, that phrase does not mention the two year compensatory lump sum or indicate that it is in any way abrogated.

In sum, we take the first phrase to "vest" the remarrying widow with a right to a lump sum payment while the following two phrases designate the award to be given to the surviving children, all payments being made in accordance with the distribution limit imposed by the proviso that the total amount payable does not exceed two-thirds of the deceased's average wage. This conclusion, then, approves the course taken by the Deputy Commissioner in this case and is identical to that approved by the Tennessee District Court in the unreported *Holland* case.

As a practical matter, it means that as of September 2, 1967, the date of the surviving widow's remarriage, she became entitled to two years' compensation for the period September 2, 1967, through September 1, 1969, in a single sum at the rate of 35 per cent of the deceased's average wage. During that two year period, the three surviving children of the deceased are entitled to sequential death benefits at a rate of 31⅔ per cent of their father's average wage. These two amounts total the maximum statutory award of 66⅔ per cent for that time period. On September 2, 1969, the mother's compensation period will lapse, and the children, equally and among themselves, become entitled to payment at the rate of 35 per cent for one child and 15 per cent for each of the other two children, or a total of 65 per cent, of their father's average wage.

The findings and order of the Deputy Commissioner being in conformity with this view, his compensation award is affirmed. Defendant is entitled to summary judgment as a matter of law.