766 F.2d 1513
 54 USLW 2121
 AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Petitioner,
v.
Suzanne SMITH (Child of James V. Smith), and Director,
Office of Workers' Compensation Programs, U.S.
Department of Labor, Respondents.
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Petitioner,
v.
Christopher Lamon and Patrick Wayne ANDREWS (Children of
Cecil Andrews), and Director, Office of Workers'
Compensation Programs, U.S. Department
of Labor, Respondents.
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Petitioner,
v.
Brenda TURNBO (Child of Benny Turnbo, Jr.), and Director,
Office of Workers' Compensation Programs, U.S.
Department of Labor, Respondents.
 Nos. 84-7385, 84-7386 and 84-7387.
 United States Court of Appeals,
Eleventh Circuit.
 July 29, 1985.
 
 Armbrecht Jackson DeMouy, Crowe, Holmes & Reeves, Douglas L. Brown, Mobile, Ala., for petitioner.
 George J. Moore, James F. Barter, Jr., Mobile, Ala., Joshua T. Gillellan, III, Assoc. Sol. for Employee Benefits, U.S. Dept. of Labor, Marianne D. Smith, Washington, D.C., for respondents.
 Petitions for Review of Orders of the Department of Labor.
 Before HENDERSON and CLARK, Circuit Judges, and HOFFMAN*, District Judge.
 CLARK, Circuit Judge:
 
 
 1
 These consolidated cases involve section 909(b) of the Longshoremen's and Harbor Workers' Compensation Act (the Act) 33 U.S.C. Secs. 901-950. The facts of each of the cases are similar and undisputed. The decedents died from work related injuries and were survived by their wives and children. The petitioner paid the surviving spouses (widows) and children death benefits in accordance with the Act. The surviving spouses remarried and pursuant to 33 U.S.C. Sec. 909(b) received a lump sum payment equal to two years compensation.
 
 
 2
 After the remarriage of the surviving spouses there was a dispute regarding the date upon which the surviving children's benefits should be increased to 50% of the decedent's average weekly wage. The surviving children claimed that the increase should be effective upon the remarriage of the surviving spouses.[1] In response, it was contended by the petitioner that the increase was not to take effect until two years after the remarriage of the surviving spouses.
 
 
 3
 The cases came before several administrative law judges and inconsistent decisions were rendered.[2] The parties appealed to the Benefits Review Board which consolidated the appeals. The Benefits Review Board stated:
 
 
 4
 Having carefully considered all arguments raised on appeal, we hold that in the event of remarriage of the surviving spouse, the child's (or children's) compensation should be immediately increased. We consider most persuasive the argument that if the percentage limitation applied to the lump sum payment, it would never be payable. The lump sum payment was not intended to be considered payment of future compensation. Moreover, those cases cited by employers in support of their position are not persuasive. No case relied upon by employers provides an analysis of this issue, and the discussions in the cases relied upon by employers are dicta. We therefore reverse the administrative law judge decisions in Da'Ville and Turnbo and hold the children's compensation should increase immediately. We affirm the holdings in Smith and Andrews.
 
 
 5
 Record at 6. From this decision, the petitioner, American Mutual Liability Insurance Company (American Mutual), filed this petition for review.
 
 
 6
 Because the Benefits Review Board adhered to the proper scope of review and correctly interpreted and applied the governing law, we affirm.[3]
 
 
 7
 The single issue presented in this petition is whether 33 U.S.C. Sec. 909(b) requires an increase in compensation to the surviving children of a decedent upon the remarriage of the surviving spouse. This is a question of first impression.
 
 
 8
 American Mutual argues that the lump sum payment to the surviving spouse is really an advance of two years of future compensation. As two years of future compensation, the award must be considered in computing the amount of benefits which the surviving children can obtain for the two years following their mothers' remarriage. American Mutual concludes that because an immediate increase in the children's compensation would cause the employer to pay 100% compensation (an obvious violation of the statutory ceiling of 66 2/3%) the children's benefits cannot be increased.
 
 
 9
 The respondents claim that the lump sum payment is not compensation. They argue that the payment is in the nature of a dowry or remarriage award and that as a result it should not be calculated in determining the future benefits of the surviving children. The respondents contend that remarriage and widowhood are the two conditions that cause the surviving children's benefits to be recomputed. Thus, if either of these events occur, the benefits of the surviving children should be increased.
 
 
 10
 We now examine 33 U.S.C. Sec. 909 which provides:
 
 
 11
 If the injury causes death, or if the employee who sustains permanent total disability due to the injury thereafter dies from causes other than the injury, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following:
 
 
 12
 ....
 
 
 13
 (b) If there be a widow or widower and no child of the deceased, to such widow or widower 50 per centum of the average wages of the deceased, during widowhood, or dependent widowerhood, with two years' compensation in one sum upon remarriage; and if there be a surviving child or children of the deceased, the additional amount of 16 2/3 per centum of such wages for each such child; in case of the death or remarriage of such widow or widower, if there be one surviving child of the deceased employee, such child shall have his compensation increased to 50 per centum of such wages, and if there be more than one surviving child of the deceased employee, to such children, in equal parts, 50 per centum of such wages increased by 16 2/3 per centum of such wages for each child in excess of one: Provided, That the total amount payable shall in no case exceed 66 2/3 per centum of such wages. ....
 
 
 14
 33 U.S.C. Sec. 909 (emphasis added).
 
 
 15
 It is clear that under 33 U.S.C. Sec. 909(b) the "[t]otal weekly death benefits payable to survivors ... are ... limited to 66 2/3% of the deceased's average weekly wage." Director, Office of Workers' Compensation Programs, United States Department of Labor v. Rasmussen, 440 U.S. 29, 33, 99 S.Ct. 903, 907, 59 L.Ed.2d 122 (1979). In addition, "[s]ection 909(b) requires the employer to pay a surviving husband or wife 50% of the deceased spouse's average weekly wages and each minor child (in excess of one) 16 2/3% of the deceased parent's wages. In no event, however, is the amount payable to exceed 66 2/3% of such wages." Morrison-Knudsen Construction Company v. Director, Office of Workers' Compensation Programs, United States Department of Labor, 461 U.S. 624, 103 S.Ct. 2045, 2047 n. 2, 76 L.Ed.2d 194 (1983).
 
 
 16
 We must now determine whether the lump sum, which is paid to a surviving spouse upon remarriage, should be considered in the computation of the surviving children's benefits. If the lump sum represents an advance payment of two years compensation, the children's benefits cannot be increased until the expiration of a two year period. If, however, the lump sum is treated independently of the periodic benefit payments, it will not be necessary to deduct the amount in determining the balance available to the surviving children. Thus, the children's benefits could be increased immediately.
 
 
 17
 In support of its contention that the lump sum payment represents future compensation which must be considered in the computation of the children's benefits, American Mutual directs the court to Federal Marine Terminals, Inc. v. Byrne, 46 F.R.D. 33 (N.D.Ill.1969) which is the only federal case that has construed 33 U.S.C. Sec. 909(b). In Byrne "the sole issue to be determined [was] whether the Deputy Commissioner erred in ruling that a widow with children is entitled to a lump sum payment of two years compensation upon her remarriage." Id. at 34. The court concluded that the first clause in section 909 set forth the widow's award and right to a lump sum payment upon remarriage. Next, the court observed that the second and third clauses designated "the award to be given to the surviving children, all payments being made in accordance with the distribution limit imposed by the proviso that the total amount payable does not exceed two-thirds of the deceased's average wage." Id. at 36.
 
 
 18
 In ruling that the widow was entitled to a lump sum award, the court reasoned that upon the widow's remarriage in 1967 she became entitled to two years compensation at the rate of 35% of the decedent's wages. This amount was to be payable in a lump sum. For the two year period following the widow's remarriage (1967-1969) the surviving children's benefits would be 31 2/3% of the deceased's wages. Apparently the court reached this conclusion because a greater award would have exceeded the statutory ceiling of 66 2/3%. In 1969, after the expiration of two years, the widow's compensation period would lapse and the children's award could then be increased.
 
 
 19
 Although the court did not specify the basis of its decision, it obviously viewed the lump sum payment received by the widow as compensation for it considered the amount when it determined the surviving children's award.
 
 
 20
 American Mutual contends Byrne demonstrates that it complied with the Act. We decline to apply the rational of Byrne to this case for two reasons. First, the issue in the instant case was not presented to the Byrne court. Second, the court's comments regarding the distribution of benefits to the surviving spouse and children were dicta.
 
 
 21
 American Mutual also argues that Carlin v. Lockport Paper Co., 214 A.D. 354, 212 N.Y.S. 65 (N.Y.App.Div.1925) is instructive because the court construed a New York compensation statute that is identical to 33 U.S.C. Sec. 909.[4]
 
 
 22
 In Carlin the question presented was whether an award that increased the rate of compensation to surviving children upon the date of the remarriage of a surviving spouse was in error. The surviving spouse had received a lump sum payment equal to two years compensation after her remarriage. The court concluded that raising the award to the children at the time of the surviving spouse's remarriage would cause the statutory ceiling of 66 2/3% to be exceeded. In reaching its conclusion the court observed that the lump sum payment was merely an advance payment of compensation. Thus, the court reasoned that the payment had to be considered for a period of two years so that the total benefits paid would be within the statutory ceiling. "To hold otherwise," the court stated, "would be to ignore ... the proviso of the statute 'that the total amount payable shall in no case exceed sixty-six and two-thirds per centum of such wages.' " Id. 212 N.Y.S. at 66. The court concluded that the surviving children would be entitled to increased benefits at the end of the two year period. See also Di Donato v. Rosenberg, 263 N.Y. 486, 189 N.E. 560 (1934) (approving the reasoning of Carlin).
 
 
 23
 Although the New York statute discussed in Carlin and 33 U.S.C. Sec. 909(b) are similar in form and address the same subject matter, our examination of the language and legislative history of 33 U.S.C. Sec. 909(b) requires us to reject American Mutual's claim that 33 U.S.C. Sec. 909(b) should be construed in a similar manner. As the Supreme Court stated in Kokoszka v. Belford:
 
 
 24
 When "interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute (or statutes on the same subject) and the objects and policy of the law, as indicated by its various provisions, and give to it such a construction as will carry into execution the will of the Legislature...."
 
 
 25
 Kokoszka v. Belford, 417 U.S. 642, 650, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974).
 
 
 26
 The legislative history of 33 U.S.C. Sec. 909(b) provides:
 
 
 27
 The only change (within and subject to such limitation to two-thirds of the weekly wage) relates to the percentage of the deceased worker's average weekly wage which would be paid as the death benefit to children. Under the act at present, a child living with the surviving widow of the deceased receives 10 percent of the deceased's average weekly wage as such child's death benefit. The committee proposes to increase this to 15 percent. Under the present act, upon the death or remarriage of a widow, any surviving child has his death benefit increased to 15 percent of such wage (subject to such two-thirds over-all limitation). In such cases the present bill provides 35 percent for one child, but for more than one child, to all children, equally, such 35 percent plus 15 percent for each child in excess of one, such increase taking effect after the death or remarriage of the widow. The death benefit for children who become orphans immediately upon the death of a workman would be computed upon the same basis as that for children whose surviving parent had died or remarried--....
 
 
 28
 The proposed readjustment of the death benefit for children takes into account the greater cost of providing proper and adequate child care under present-day conditions, and is one of the compensatory liberalizing features previously mentioned.
 
 
 29
 Longshoremen's and Harbor Workers' Compensation Act--Increase of Certain Benefits, S.Rep. No. 1315, 80th Cong., 2d Sess., reprinted in 1948 U.S.Code Cong. & Ad.News 1979, 1981-82 (emphasis added).
 
 
 30
 The Senate report clearly illustrates that the increase in benefits is to take effect immediately upon death or remarriage of the surviving spouse. There is no indication that Congress intended the increase in benefits to be delayed. If Congress had intended for the increase to be delayed for a two year period after the remarriage of the surviving spouse, it could have easily included the requirement in the statute. We think the omission was intentional. As the Supreme Court stated in Rasmussen:
 
 
 31
 Congress has put down its pen, and we can neither rewrite Congress' words nor call it back "to cancel half a Line." Our task is to interpret what Congress has said....
 
 
 32
 Director, Office of Workers' Compensation Programs, United States Department of Labor v. Rasmussen, 440 U.S. 29, 47, 99 S.Ct. 903, 913, 59 L.Ed.2d 122 (1979).
 
 
 33
 In addition, the Office of Workers' Compensation Programs, Division of Longshore and Harbor Workers' Compensation has issued persuasive memoranda which address the recomputation of surviving children's benefits upon the remarriage of a surviving spouse. One memorandum provided:
 
 
 34
 For a number of years it has been the policy of OWCP and its predecessor agency that the effective date of the recomputation of benefits for children following the remarriage of a widow/widower as provided in section 9(b) was at the expiration of the two year period following remarriage. This was based upon a legal opinion rendered by the former Associate Solicitor on July 1, 1971, following a review of the established policy.
 
 
 35
 The Associate Solicitor for Employee Benefits has again reviewed this policy in view of the recent decisions rendered by administrative law judges in Joyner v. Brown and Root, Inc., 76-LHCA-654 and Director, OWCP v. Boughman, 545 F.2d 210 (D.C.Cir.1976), Administrative Law Judge order on Remand. In both these cases the administrative law judges found the date of remarriage to be the effective date for the recomputation. It is also noted that section 18(a)(3)(d) of the Model State Workers' Compensation Act and Rehabilitation Law adopts this view and the National Commission on State Workers' Compensation Laws concurs. The Associate Solicitor has advised that in the opinion of that office the better view is that recomputation should be effective as of the date of remarriage.
 
 
 36
 Accordingly, it will hereafter be OWCP's position that a child's benefits will be recomputed effective as of the date of the widow/widower's remarriage. Increase in payments will become effective the same date.
 
 
 37
 While the ambiguity in the section 9(b) language is recognized, it is believed that the legislative intent was for the immediate increase to be borne by the employer. This view is in harmony with other remedial objectives of workers' compensation.
 
 
 38
 Memorandum No. 59 from John E. Stocker, Associate Director, Longshore and Harbor Workers' Compensation (March 8, 1979). A notice explaining the Office of Workmen's Compensation Program's position regarding the date for increasing children's benefits following the remarriage of a surviving spouse was developed for insurance carriers, self-insured employees under the Act and other interested parties.[5]
 
 
 39
 We note that "this Court will normally defer to an agency's determination 'when the administrative practice at stake' involves a contemporaneous construction of a statute by the [persons] charged with the responsibility of setting its machinery in motion, of making the parts work efficiently and smoothly while they are as yet untried and new." Veterans Administration Medical Center v. Federal Labor Relations Authority, 675 F.2d 260, 262 (11th Cir.1982). In other words, "we will adhere to the 'principle that the construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong.' " Id.
 
 
 40
 There are no "compelling indications" that the interpretation of the statute by the Office of Workers' Compensation Programs, Division of Longshore and Harbor Workers' Compensation is wrong. In our view, the administrative interpretation is consistent with the established rules that: (1) the Act must be liberally construed in conformance with its purpose and in a way that avoids harsh and incongruous results; and (2) all doubts should be resolved in favor of the employee and his family. See Reed v. Steamship Yaka, 373 U.S. 410, 83 S.Ct. 1349, 1353, 10 L.Ed.2d 448 (1963); Army & Air Force Exchange Service v. Greenwood, 585 F.2d 791 (5th Cir.1978).
 
 
 41
 We conclude that the plain language of 33 U.S.C. Sec. 909 and its legislative history demonstrate that the increase of the children's benefits is not to be delayed for a two year period following the remarriage of a surviving spouse. Accordingly, we hold that the Benefits Review Board did not err when it held that "in the event of remarriage of the surviving spouse, the child's (or children's) compensation should be immediately increased." Record at 6.
 
 
 42
 Our conclusion is bolstered by several cases and legal commentators that have discussed statutes which have a similar purpose. Larson, for example, has discussed the status of lump sum payments to a surviving spouse upon remarriage in his treatise. He observes:
 
 
 43
 The obvious purpose of [a provision providing for a lump sum payment] is to lessen the disincentive to remarriage that would be inherent in a flat cut-off of dependency benefits....
 
 
 44
 Most cases treat the lump sum as independent of periodic benefit payments.... Thus, it has been held that this lump sum is not to be deducted in determining the balance available to other dependents....
 
 
 45
 The independent status of the remarriage lump sum also means that the commencement of payments to other dependents reflecting the cessation of periodic payments to the widow is immediate, and is not deferred until the period represented by the lump sum--such as two years--has expired.
 
 
 46
 2 Larson, The Law of Workmen's Compensation, Sec. 64.42 at 11-207--11-208 (1983). See also Yardley v. Montgomery, 580 S.W.2d 263, 265, 269, 272 (Mo.1979) (en banc) (Lump sum payment upon remarriage is separate and apart from ordinary compensation benefits. It is neither an installment of compensation nor an advance payment of future compensation.); Freeman v. Texas Compensation Insurance Compensation Insurance Company, 603 S.W.2d 186, 190 (Tex.1980) ("In some states, express provision is made for redistribution of benefits to the children upon remarriage of the surviving spouse.... Cases in other states have reached the same result in the absence of express statutory language. Although the statutory language differs in each state, the similarities are sufficient to make these cases persuasive."); Blumenfeld v. Rust Craft Greeting Cards, Inc., 51 N.J. 1, 236 A.2d 883, 884 (1967) (Holding that "upon remarriage (1) the widow receives in lump sum ... the balance of the compensation not yet accrued to her ... and (2) the compensation payable to the other total dependents must be recomputed as of the date of the remarriage."); Lackey v. D & M Trucking, 9 Kan.App.2d 679, 687 P.2d 23, 28 (Kan.Ct.App.1984) ("We hold the district court properly reapportioned the surviving spouse's periodic payments to the ... children as of the date of her remarriage.").
 
 
 47
 Thus, we hold that 33 U.S.C. Sec. 909(b) requires an increase in compensation to the surviving child or children of a decedent upon the remarriage of the surviving spouse. Accordingly, we affirm the decision of the Benefits Review Board.
 
 
 48
 AFFIRMED.
 
 
 
 *
 Honorable Walter E. Hoffman, U.S. District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [1]
 Benny Turnbo died in February, 1977 and was survived by his wife, and child Brenda. The surviving spouse received 50% and Brenda received 16 2/3% of the decedent's average weekly wage. Upon her remarriage in April, 1980, the surviving spouse received a lump sum payment equal to two years compensation. Brenda claimed that in April, 1980 her compensation should have been increased to 50% of the decedent's average weekly wage
 James Smith died in July, 1976 and was survived by his wife and child Suzanne. On June 9, 1979, the surviving spouse remarried and received a lump sum payment. Suzanne sought an immediate increase in her compensation to 50% of the decedent's average weekly wage.
 Cecil Andrews died in August, 1976 and was survived by his wife and children Christopher Lamon and Patrick Wayne. In July, 1977 the surviving spouse remarried and received a lump sum payment equal to two years compensation. The children sought an immediate increase in their compensation to 66 2/3% of the decedent's average weekly wage.
 
 
 [2]
 The administrative law judge (ALJ) presiding over the Turnbo case denied the claim for an immediate increase and held that an increase was not due until two years after the remarriage of the surviving spouse. The ALJs in the Smith and Andrews cases agreed that an immediate increase was due and ordered the compensation rate increased to 50%
 
 
 [3]
 In a case of this nature "we are to review only for errors of law, and [we must] make certain that the Board adhered to its statutory standard of review of factual determinations." Presley v. Tinsley Maintenance Service, 529 F.2d 433, 436 (5th Cir.1976); see also Fulks v. Avondale Shipyards, Inc., 637 F.2d 1008, 1011 (5th Cir.1981), cert. denied, 454 U.S. 1080, 102 S.Ct. 633, 70 L.Ed.2d 613 (1981)
 
 
 [4]
 The New York statute, as reprinted in Carlin, provided:
 If there be a surviving wife (or dependent husband) and no child of the deceased under the age of eighteen years, to such wife (or dependent husband) thirty per centum of the average wages of the deceased during widowhood (or dependent widowerhood) with two years' compensation in one sum, upon remarriage; and if there be surviving child or children of the deceased under the age of eighteen years, the additional amount of ten per centum of such wages for each such child until of the age of eighteen years; ... provided that the total amount payable shall in no case exceed sixty-six and two-thirds per centum of such wages.
 Carlin v. Lockport Paper Co., 214 A.D. 354, 212 N.Y.S. 65, 66 (N.Y.App.Div.1925).
 
 
 [5]
 The notice provided:
 Hereafter it will be the position of the OWCP that a child's or children's benefits will be recomputed and increased effective the day of the remarriage of the widow or widower, rather than at the expiration of the 24-month period.
 Notice from John E. Stocker, Associate Director, Longshore and Harbor Worker's Compensation to Insurance Carriers, Self Insured Employers Under the Longshoremen's Compensation Act, and Other Interested Persons (September 20, 1979).