LINDSAY, Judge.
This case concerns the proper amount of worker’s compensation death benefits payable to a dependent child following the remarriage of the dependent widow. The plaintiff, Robbin Aswell, as tutor for her minor son, Jason Allen Aswell, appeals a trial court decision in favor of the defendant, Rockwood Insurance Company, setting the amount of worker’s compensation death benefits due the child at 13.75 percent of the decedent father’s average weekly wage for the two year period following the remarriage of the mother. In addition, the plaintiff claims penalties and attorney fees from the defendant, alleging that the defendant was arbitrary and capricious in its refusal to pay compensation to the minor at a higher rate. For the following reasons, we reverse in part and affirm in part the trial court judgment.
FACTS
The facts of this case are undisputed and were established by stipulation of the parties in the trial court. Tommy L. Aswell and Robbin Aswell were husband and wife. On December 11, 1982, pursuant to their marriage, a son, Jason Allen Aswell, was born.
Tommy Aswell was employed by J. Mack Bohn, Inc. On February 19, 1983, during the course and scope of his employment, Tommy Aswell was engaged in the excavation of a pit prior to construction of a grain elevator. On that date, during the excavation, a wall of the pit collapsed upon him, resulting in his death.
The Rockwood Insurance Company is the worker’s compensation insurer of J. Mack Bohn, Inc. In accordance with the provisions of LSA-R.S. 23:1232(2), which sets the amount of worker’s compensation death benefits to be paid to a widow and one child, Rockwood began paying death benefits to Robbin and Jason Aswell in the amount of 46.25 percent of the decedent’s average weekly wage.
On August 9, 1985, Robbin Aswell remarried. As required by LSA-R.S. 23:1233, Rockwell paid to Robbin Aswell a lump sum payment representing two years *396 compensation. The defendant calculated the amount due Robbin Aswell as 32.5 percent of the decedent’s average weekly-wage for 104 weeks. This percentage was based upon the amount due a widow alone as specified in LSA-R.S. 23:1232(1).
Upon making the lump sum payment, the defendant then reduced the amount of worker’s compensation death benefits payable to the minor child, Jason Allen Aswell, to 13.75 percent of the decedent’s average weekly wage. The defendant contended that this was the amount due to the minor child for the two years following the mother’s remarriage. This percentage to be paid to the minor child was based upon the defendant’s contention that its maximum obligation during the two year period following the widow’s remarriage remained at 46.25 percent of the decedent’s average weekly wage. By making the lump sum payment representing two years compensation based upon 32.5 percent of the decedent’s wages, this left only 13.75 percent for the minor child. Rockwell asserts that at the end of two years, payments to the minor child will be increased to 32.5 percent of the deceased’s average weekly wage, the amount owed for one surviving child, as required by LSA-R.S. 23:1232(4).
The plaintiff contends that the lump sum payment made to Robbin Aswell upon her remarriage was not payment of future death benefits, but constituted a dowry. The plaintiff further argues that the child, upon remarriage of the surviving widow, should immediately begin receiving 32.5 percent of the decedent’s wages, rather than only 13.75 percent for the two years after the remarriage, and should continue to receive 32.5 percent of the wages as the dependency continues.
The trial court found, in effect, that the 'two year lump sum payment to Robbin Aswell, upon her remarriage, constituted future compensation payments. The court held that the amount to be paid to the minor child during the two year period should be set at 13.75 percent of the deceased’s wages so that the total, combined amount awarded to the child and the surviving spouse would not exceed the original 46.25 percent of the deceased’s wages as set forth in LSA-R.S. 23:1232(2).
The trial court also denied plaintiff’s claim for penalties and attorney fees.
The plaintiff has appealed the trial court judgment and again seeks penalties and attorney fees. For the following reasons, we reverse in part and affirm in part the trial court judgment.
AMOUNT OF DEATH BENEFITS DUE DEPENDENT MINOR FOLLOWING REMARRIAGE OF A DEPENDENT SURVIVING SPOUSE
The question of the proper calculation of a dependent minor’s death benefits following remarriage of the dependent surviving spouse appears to be one of first impression in this state.
The amounts to be paid surviving dependents is set forth in LSA-R.S. 23:1232, which provides, in pertinent part:
Payment to dependents shall be computed and divided among them on the following basis:
(1) If a widow or widower alone, thirty-two and one-half per centum of wages.
(2) If the widow or widower and one child, forty-six and one-quarter per cen-tum of wages.
[[Image here]]
(4) If one child alone, thirty-two and one-half per centum of the wages of deceased.
LSA-R.S. 23:1235 provides that when there is a widow or widower and a surviving child or children, entitled to compensation, the compensation above prescribed shall be paid entirely to the widow or widower for the benefit of the widow or widower and the common benefit of the child or children and the appointment of a tutor or tutrix shall not be necessary; provided that, in no event shall an amount in excess of the amount provided in LSA-R.S. 23:1232(1) be allocated for the exclusive use of the widow or widower alone.
The effect of remarriage of the surviving spouse is governed by LSA-R.S. 23:1233. That statute, prior to the 1975 amendment, provided that a remarriage by the surviv *397 ing widow or widower completely terminated worker’s compensation benefits to that dependent without any lump sum payment. However, the remarriage did not decrease payments allowed other dependents. Upon remarriage of the decedent’s surviving spouse, the dependent minor was entitled to 32.5 percent of the decedent’s average weekly wage. Green v. Heard Motor Company, Inc., 71 So.2d 849 (La.1954).
In 1975, the statute was rewritten to provide as follows:
Weekly payments to a surviving spouse shall continue until the death or remarriage of such surviving spouse. In the case of remarriage of a surviving spouse, two years compensation payments shall be payable in one lump sum.... Weekly payments for all other dependents as determined in Subpart D of the Chapter shall continue as long as their dependency shall exist or shall terminate upon their deaths.
La.Acts 1975, No. 583 § 11.
The 1975 amendment to the statute did not clearly specify the amount of compensation to be paid the minor child following the remarriage of the dependent surviving spouse. There is no jurisprudential authority in this state specifying what the proper amount of benefits in such a circumstance should be. Therefore, to assist us in determining how the remarriage of the surviving spouse affects the amount of benefits to be paid to a minor child, we have examined the federal jurisprudence and the jurisprudence of other states which provide for lump sum payments upon remarriage.
Federal law and the law of many states include provisions similar to LSA-R. S. 23:1233 providing for lump sum payments to dependent surviving spouses upon remarriage. The purpose of the lump sum payment is to lessen the disincentive to remarriage that would be inherent in a flat cut-off of dependency benefits. 2 Larson Workman’s Compensation Law, § 64.42 (1987).
Scholarly authority and jurisprudential authority are to the effect that the lump sum is independent of periodic benefit payments. As a consequence, the lump sum payment is not to be deducted in determining the balance available to other dependents. The independent status of the remarriage lump sum also means that the commencement of payments to the other dependents reflecting the cessation of periodic payments to the widow is immediate, and is not deferred until the period represented by the lump sum, such as two years, has expired. Larson, supra.
Federal law provides for a two year lump sum payment to be made to a dependent surviving spouse upon remarriage.[1] The jurisprudence construing the federal statute indicates that the lump sum payment is not considered an advance payment of future compensation, and the dependent minor’s benefits are to be increased immediately upon the remarriage of the dependent surviving spouse. American Mutual Liability Insurance Company v. Smith, 766 F.2d 1513 (11th Cir.1985).
In American Mutual, supra, the court rejected the reasoning in Federal Marine Terminals, Inc. v. Byrne, 46 F.R.D. 33 (N.D.Ill.1969) and Carlin v. Lockport Paper Company, 214 A.D. 354, 212 N.Y.S. 65 (1925) which held that after payment of the *398 lump sum to the remarrying surviving spouse, the benefits paid to the children would not be increased until the expiration of the two year period. In those cases, the courts reasoned that the lump sum payment was compensation, and that an immediate increase in benefits to the children would raise the total amount of benefits above the statutory maximum. However, in American Mutual, supra, the court cited the legislative history of 33 U.S.C. § 909(B) and found clear legislative intent that the benefits payable to the child should be increased immediately upon the remarriage of the dependent surviving spouse.
Likewise, the jurisprudence from other states has arrived at a resolution of this issue by analysis and construction of their respective statutes. Among the states holding that the minor’s benefits are to be increased immediately upon remarriage of the dependent surviving spouse are Missouri, Kansas, New Jersey, Pennsylvania and Ohio. Yardley v. Montgomery, 580 S.W.2d 263 (Mo.1979); Battles v. Massman Construction Company, 580 S.W.2d 280 (Mo.1979); Blumenfeld v. Rust Craft Greeting Cards, Inc., 51 N.J. 1, 236 A.2d 883 (1967); Lackey v. D & M Trucking Company, 9 Kan.App.2d 679, 687 P.2d 23 (1984); Builders Exchange, Inc. v. Workman’s Compensation Appeal Board, 64 Pa.Cmwlth. 94, 439 A.2d 215 (1982); State, ex rel Endlich v. Industrial Commission, 16 Ohio App.3d 309, 475 N.E.2d 1309 (1984). Some of these states have held that, upon remarriage of the widow or widower, the amount of compensation benefits which would have been due the widow or widower is divided among the remaining dependents.
Other states, under the terms of their statutes, have found that upon remarriage, the widow or widower is automatically disqualified from receiving benefits and the amount to be paid to the remaining dependents is recalculated under the applicable statutes as though the widow or widower never existed. These courts have found that the lump sum payment to a remarrying widow or widower is not to be charged against the remaining dependents. See, for example, Blumenfeld v. Rust Craft Greeting Cards, Inc., supra. In Blumenfeld, the court specifically stated:
The question then is whether the Legislature intended to cut down the benefits theretofore payable to other total dependents or intended the payment to the widow on remarriage to be an additional obligation of the employer. Neither the wording of the statute nor its history indicates which of these approaches was in the legislative mind. We think it more likely that the Legislature intended the burden of the increase to be borne by the employer. This view is more in keeping with the remedial objective of the compensation law.
We accordingly hold that upon remarriage (1) the widow receives in lump sum, without discount, the balance of the compensation [due to her] ... and (2) the compensation payable to the other total dependents must be recomputed as of the date of the remarriage.
In states where this issue has been raised the courts have considered the issue of whether the two year lump sum payment is a compensation benefit or whether it falls into some other category, such as a dowry. States which have found the proper course to be immediate redetermination of the benefits due to the remaining dependents following the ineligibility of a dependent, have found that these payments are not compensation benefits. Yardley v. Montgomery, supra; Battles v. Massman Construction Company, supra, Lackey v. D & M Trucking, supra; State ex rel Endlich v. Industrial Commission, supra. Whether this lump sum payment is to be termed a dowry is not clear. However, the jurisprudence indicates that, rather than constituting worker’s compensation death benefits, the lump sum payment falls into a category aimed at creating a special incentive to remarry.
Under our statutes, recalculation as in Blumenfeld, supra, appears to be the proper course. As stated earlier, prior to the 1975 amendment to LSA-R.S. 23:1233, the statute provided that death or remarriage of a dependent terminated benefits as to *399 him. Under the prior statute, upon remarriage of a widow or widower, the other dependents were entitled to an immediate recalculation of benefits in accordance with the amount set forth in LSA-R.S. 23:1232. Green v. Heard Motor Company, supra.
Following the 1975 amendment, which provided for a lump sum payment to a widow or widower who remarries, the statute continued to provide for weekly payments for all other dependents throughout their dependency, or until their death. We believe that in the enactment of the amendment, the legislature intended the lump sum payment to the widow or widower to be an incentive to remarry. In providing the incentive to the surviving spouse to remarry, we find no intent by the legislature to penalize the surviving minor child for the remarriage of his surviving parent by reducing his benefits.
The legislation shows that once the dependent widow or widower remarries, and the lump sum payment is made, the only compensation benefits left to be paid are those which are due the remaining dependent or dependents in the percentages specified in LSA-R.S. 23:1232, without further reference to the remarrying widow or widower. We do not find an intent in the legislation for the widow or widower who remarries to remain a dependent for two years following remarriage. Therefore, we find, as have courts in other states which have considered this issue, that the lump sum payment does not constitute compensation benefits, but rather constitutes a special lump sum benefit due upon remarriage.
We also find that the reference in LSA-R.S. 23:1233, to the remarrying spouses’ “compensation payments,” used in reference to the lump sum, simply provides a means for calculating the lump sum payment and is not intended to refer to advance compensation benefits for two additional years. Therefore, the lump sum payment is not to be considered in recalculating the amount of benefits to be paid to a minor following remarriage of a surviving spouse.[2]
In light of the above, we conclude that the trial court erred in setting worker’s compensation death benefits for the minor child at thirteen and three-quarters percent of the decedent’s weekly wages. Accordingly, we reverse and set aside that portion of the trial court judgment.
PENALTIES AND ATTORNEY FEES
The plaintiff also argues that because the law is unclear as to how benefits to minors are to be calculated following remarriage of a dependent surviving spouse, the defendant should have sought a declaratory judgment on the issue, rather than arbitrarily reducing the benefits payable to the minor. The plaintiff argues that because the defendant did not seek a declaratory judgment, the defendant’s actions in reducing the benefits to the minor were arbitrary and capricious and therefore, the defendant should be assessed with penalties and attorney fees. We believe the trial court correctly denied this plaintiff’s claim.
Provision is made under LSA-R.S. 23:1201.2 for payment of penalties and attorney fees if an insurer or employer arbitrarily, capriciously or without probable cause declines to pay benefits within sixty days of receipt of notice of the claim.
When a substantial legal question exists as to entitlement to benefits or where denial of benefits is based upon a close issue of law, a defendant who denies benefits is not to be assessed with penalties and attorney fees. Guidry v. Serigny, 385 So.2d 295 (La.App. 1st Cir.1980), writ denied 386 So.2d 355 (La.1980); Sones v. Mutual of Omaha Insurance Company, 272 So.2d 739 (La.App. 2d Cir.1972), writ denied 273 So.2d 292 (La.1973).
The issue of the proper amount of benefits to be paid a minor child under the *400 circumstances of this case involved a substantial legal question and a close question of law. Therefore, we do not find that the defendant’s denial of benefits was arbitrary, capricious or without probable cause and we decline to assess penalties and attorney fees against the defendant.
CONCLUSION
For the above stated reasons, we affirm that portion of the trial court judgment denying the plaintiffs claim for penalties and attorney fees. We reverse the trial court judgment setting worker’s compensation death benefits for the minor, Jason Allen Aswell, at 13.75 percent of the decedent’s average weekly wage for two years following the remarriage of the surviving spouse. Accordingly, we recast the judgment as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that ROCK-WOOD INSURANCE COMPANY PAY TO ROBBIN ASWELL, for and on behalf of her minor child, JASON ALLEN ASWELL, 32.50 percent of the decedent’s average weekly wages of $268.80 ($87.36) per week through the remainder of the child’s dependency.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

. 33 U.S.C. § 909(b) provides:
(b) If there be a widow or widower and no child of the deceased, to such widow or widower 50 per centum of the average wages of the deceased, during widowhood, or dependent wid-owerhood, with two years’ compensation in one sum upon remarriage; and if there be a surviving child or children of the deceased, the additional amount of 16[2]/3 per centum of such wages for each such child; in case of the death or remarriage of such widow or widower, if there be one surviving child of the deceased employee, such child shall have his compensation increased to 50 per centum of such wages, and if there be more than one surviving child of the deceased employee, to such children, in equal parts, 60 per centum of such wages increased to 16⅜ per centum of such wages for each child in excess of one: Provided, that the total amount payable shall in no case excess 66⅜ per centum of such wages. The deputy commissioner having jurisdiction over the claim may, in his discretion, require the appointment of a guardian for the purpose of receiving the compensation of a minor child. In the absence of such a requirement the appointment of a guardian for such purposes shall not be necessary.

. We also note that, even if the lump sum paid to Robbin Aswell constituted future compensation benefits, which it does not, the amount paid to her, calculated at 32.5 percent of the decedent’s average weekly wage, coupled with the 32.5 percent of that wage to be paid the minor, does not exceed the statutory maximum of sixty-five percent of the decedent’s average weekly wage set forth in LSA-R.S. 23:1323.