**In re ASPEN MARINE GROUP, INC., Debtor.**

**Bankruptcy No. 94–34030–BKC–PGH.**

United States Bankruptcy Court, S.D. Florida.

Oct. 6, 1995.

David C. Cimo, Kelley Drye & Warren, Miami, Florida, for Creditors Committee.

Leslie Cloud, Ackerman Bakst & Cloyd, West Palm Beach, Florida, for Debtor.

Denyse Heffner, Miami, Florida, for U.S. Trustee.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ORDER RESOLVING DISPUTED ELECTION AND CONFIRMING ELECTION OF CHAPTER 11 TRUSTEE*

PAUL HYMAN, Jr., Bankruptcy Judge.

**THIS MATTER** came before the Court on August 16, 1995 pursuant to the Official Committee of Unsecured Creditors' (the "Committee") Motion of Official Committee of Unsecured Creditors for Resolution of Dispute Concerning Election of Chapter 11 Trustee (the "Motion"). On August 21, 1995, this Court entered an Order granting the Motion and confirming David C. Profilet ("Profilet") as Chapter 11 Trustee of the estate of the Debtor, Aspen Marine Group, Inc. (the "Debtor"). The Court, having reviewed and considered the Motion and the parties' arguments presented at the August 16, 1995 hearing and otherwise being fully advised in the premises, hereby makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On December 13, 1994, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On May 18, 1995, this Court entered an Order granting the Committee's Motion for Appointment of a Chapter 11 Trustee and directed the Office of the United States Trustee (the "U.S. Trustee") to appoint a trustee. The U.S. Trustee subsequently appointed Robert Furr, Esq. as interim Chapter 11 Trustee.

On June 21, 1995, the Committee filed a Renotice of Meeting of Creditors to Consider the Election of a Chapter 11 Trustee. On July 24, 1995, the U.S. Trustee convened a meeting of creditors (the "Election") to elect one disinterested person to serve as trustee pursuant to 11 U.S.C. § 1104. At the Election, the Committee using proxies solicited by the Committee, voted Profilet as the permanent Chapter 11 trustee. The proxies complied with Fed.R.Bankr.P. 9010(c). No

other votes were cast during the Election nor was any person, other then Profilet, nominated.

At the time of the Election, there were objections to claims pending which were filed by the Debtor. Such objections sought a determination that various secured creditors were unsecured creditors. The secured creditors are currently contesting the relief sought in the objection to claims. Prior to the Election, no creditor or other interested party had filed any motion to allow disputed claims for voting or counting purposes nor had the Court conducted hearings on the objections to claims.

On August 10, 1995, the U.S. Trustee filed a Report of Disputed Election of Chapter 11 trustee (the "Report"). The Report computed the claims eligible to vote, indicated who voted at the election, and concluded that Profilet was elected Chapter 11 trustee. The Report added, however, that the Election was "disputed" because of the Debtor's pending objection to claims. In addition, the U.S. Trustee stated that this Court needed to determine two threshold issues: (i) whether the Committee could solicit proxies; and (ii) whether the time had expired for claimants to be added as eligible voters.

During the August 16, 1995 hearing, the Debtor asserted three objections to the Committee's Motion and the U.S. Trustee's Report. First, the Debtor asserted that the Bankruptcy Code (the "Code") and the Federal Rules of Bankruptcy Procedure did not permit the Committee to solicit proxies. Second, the Debtor contended that priority unsecured creditors under 11 U.S.C. § 726(a)(1) of the Code should have been entitled to be counted. Finally, the Debtor asserted that the creditors who filed secured claims should have been permitted to have their votes counted as unsecured creditors. The Debtor argues that if this Court sustains any of the above three objections, then Profilet's election as Trustee should either be denied or deemed invalid.

## CONCLUSIONS OF LAW

There is no dispute that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Since this is a core proceeding, this Court has jurisdiction to resolve any disputes concerning the Committee's Election of Profilet as Chapter 11 Trustee.

■ The Bankruptcy Reform Act of 1994 amended the Code to permit the election of Chapter 11 trustees by creditors pursuant to 11 U.S.C. § 1104. Subsection (b) of 11 U.S.C. § 1104, states in pertinent part:

> ... [O]n the request of a party in interest made not later than 30 days after the court orders the appointment of a trustee under subsection (a), the United States trustee shall convene a meeting of creditors *for the purpose of electing one disinterested person to serve as trustee in the case. The election of a trustee shall be conducted in the manner provided in subsections (a), (b), and (c) of section 702 of this title.* (emphasis added)

Despite the recent adoption of 11 U.S.C. § 1104(b), neither the Code nor the Federal Rules of Bankruptcy Procedure were amended to set forth clear guidelines for the election of a trustee in a Chapter 11 proceeding. Specifically, neither the Code nor the Federal Rules of Bankruptcy Procedure expressly address the solicitation of proxies in a Chapter 11 trustee election.

■ Fed.R.Bankr.P. 2006 governs the solicitation and voting of proxies. According to Fed.R.Bankr.P. 2006(a) "this rule applies only in a liquidation case pending under chapter 7 of the Code." However, this Court finds that Fed.R.Bankr.P. 2006's silence as to whether Chapter 11 creditor's committees can solicit votes and proxies does not necessarily render such solicitation inapplicable to Chapter 11 of the Code. In fact, a review of the Legislative History of 11 U.S.C. § 1104(b) reveals that an election of a trustee in a chapter 11 proceeding should be consistent with the election process in a chapter 7 proceeding. According to the H.R.Rep. 103–834, 103rd Cong., 2nd sess. 24 (Oct. 4, 1994):

> **This section [1104(b) ] will conform selection of private trustees in chapter 11 cases to the selection process in chapter 7 cases, thereby allowing creditors in a chapter 11 case to elect their own trustee under 1104 of chapter 11.**

Despite the apparent inapplicability of Fed.R.Bank.P. 2006, this Court finds that 11 U.S.C. § 1104(b)'s legislative history clearly evidences Congresses intent to conform the

election process in a chapter 11 proceeding to that of a chapter 7. This Court finds that such conformity of the election processes necessarily requires the solicitation and voting of proxies in a chapter 11 proceeding to be in a manner consistent with a chapter 7, which is specified under Fed.R.Bankr.P. 2006.

In addition, pursuant to the express requirements of 11 U.S.C. § 1104(b), Chapter 11 elections shall be conducted in the manner provided in subsections (a), (b), and (c) of 11 U.S.C. § 702. Fed.R.Bankr.P. 2003 and 2006 specifically implement the procedures for the election of a trustee pursuant to 11 U.S.C. § 702. As such, this Court finds that Fed. R.Bankr.P. 2006 voting and solicitation provisions are applicable to 11 U.S.C. § 1104.

Furthermore, this Court finds that such application is fully consistent with the intended purpose of Fed.R.Bankr.P. 2006 as well as the objects and policy of the Code. *See Dill v. Dime Savings Bank, FSB (In re Dill)*, 163 B.R. 221, 226 (E.D.N.Y.1994) (the Bankruptcy Code's provisions cannot be read in isolation, but must interpreted in light of the remainder of the statutory scheme) *citing United Savings Assoc. v. Timbers of Inwood Forest*, 484 U.S. 365, 371, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988); *see American Mutual Liability Insur. Co. v. Suzanne Smith, et al.*, 766 F.2d 1513, 1517 (11th Cir.1985) (when interpreting a statute, the court will not look merely to a particular clause but will take in connection the whole statute or other statutes on the same subject, as well as objects and policy of the law) *citing Henry A. Kokoszka v. Richard Belford*, 417 U.S. 642, 650, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974). Based on the foregoing, this Court finds that the same type of provisions provided for in Fed.R.Bankr.P. 2006 should apply to the solicitation and the voting of proxies under 11 U.S.C. § 1104(b) of the Code.

▮ This Court also concludes that the Committee's use of proxies was both appropriate and permissible under Fed.R.Bankr.P. 9010. According to Fed.R.Bankr.P. 9010, a proxy, which must be in the form of a power of attorney, is necessary in connection with the voting for a trustee if someone other then the owner of the claim is authorized to vote. Fed.R.Bankr.P. 9010(c) states in pertinent part:

> The authority of any agent, attorney in fact, or proxy to represent a creditor for any purpose other than the execution of the filing of a proof of claim or the acceptance or rejection of a plan shall be evidenced by a power of attorney conforming substantially to the appropriate Official Form.

As indicated *supra*, the proxies utilized by the Committee complied with Fed.R. of Bankr.P. 9010(c).

Decisions concerning the results of a trustee election are within the sound discretion of the bankruptcy court and will not be disturbed on appeal absent a clear abuse of discretion. *In re Rosenfeld–Goldman Co.*, 228 F. 921 (D.C.Mass.1915). Having reviewed the applicable provisions of the Code and the Federal Rules of Bankruptcy Procedure, the principle set forth by the *Rosenfeld* Court and the facts of this case regarding Profilet's Election, this Court finds that the Committee's solicitation of the proxies was both permissible and appropriate.

▮ This Court also concludes that the Report correctly tabulated all claims for purposes of voting and of determining the total universe of claims to be counted for the Election. The Report,[1] did not count claims to which objections were pending, and creditors that the Debtor listed as disputed and that had not filed a proof of claim. The Report did, however, count all claims listed in the Debtor's Schedules as undisputed and non-contingent as eligible to vote, even though such creditors did not file proofs of claims.

---

1. Although the Report did not comply with Fed. R.Bankr.P. 2003(b)(3) due to the large number of alternative results which may have occurred, it is not in dispute that those alternatives would have resulted in a universe of claims so large that Profilet would have lost the election. This Court finds that under these circumstances, the U.S. Trustee nonetheless complied with her duties pursuant to Fed.R.Bank.P. 2003(b)(3). As such, this failure is immaterial to the Court's decision, especially since neither the Debtor nor any other party in interest raised this as an objection to the Report.

As discussed *supra,* the provisions of Fed. R.Bankr.P. 2003, by analogy, apply to the election of a trustee in a Chapter 11 proceeding. Fed.R.Bankr.P. 2003, which expressly enumerates the conditions under which a creditor is entitled to vote, states in pertinent part:

A creditor is entitled to vote at a meeting if, at or before the meeting, the creditor has filed a proof of claim or writing stating forth facts evidencing the right to vote pursuant to § 702(a) of the Code unless objection is made to the claim or the proof of claim is insufficient on its face.

The Debtor filed objections to the claims of creditors asserting secured claims. Neither the Debtor nor the creditors filed a motion to estimate the claims for purposes for voting. However, the claimants, whose claims had been objected to, or any other party in interest, including the Debtor, have the burden to bring their respective objections to the claims before the Court for purposes of estimating the claims for the purposes of voting prior to the election. *See* Fed.R.Bankr.P. 2003(b)(3) (creditor permitted to vote in a trustee election "if, *at or before the meeting,* the creditor has filed a proof of claim ... unless objection is made to the claim or the proof of claim is insufficient in its face") (emphasis added).

This Court concludes that the parties filing of motions relating to claim and vote allowances after the Election would have resulted in unreasonable delay. Furthermore, such delay could have resulted in possible harm to the bankruptcy estate. This Court, therefore, exercises its discretion and will not consider any motion seeking allowance of a disputed claim for purposes of voting filed after the Election. *See In re Deena Woolen Mills, Inc.,* 114 F.Supp. 260 (D.C.Me.1953) (the bankruptcy court has discretion to deny creditors from voting in a trustee election where consideration of claims would result in unreasonable delay).

■ Furthermore, this Court finds that the proper time to compute the universe of voting creditors is at the time of an election. Claims added after an election should not be counted since such addition would render any election subject to change, which would cause unreasonable delay and uncertainty as to the finality of the Election. This Court finds, therefore, that the Report correctly excluded from voting and from the total claimants all claims to which objections were pending at the time of the Election was and any subsequently filed claims.

■ As to the Debtor's request to count priority unsecured claims, this Court finds that unsecured claims entitled to a priority distribution under 11 U.S.C. § 726(a)(1) are not included within the body of eligible voting claims under 11 U.S.C. § 702(a)(1). Pursuant to 11 U.S.C. § 702(a)(1), such claims are impliedly excluded from voting. As discussed *supra,* 11 U.S.C. § 1104(b) makes 11 U.S.C. § 702(a), (b) and (c) applicable to Chapter 11 trustee elections. As such, this Court finds that the Report's failure to count priority unsecured claims was, therefore, appropriate. Based on the foregoing, this Court finds that the U.S. Trustee's conclusions regarding the claimants eligible to vote and the total universe of claims counted for the Election were also appropriate.

Therefore, the Court **ORDERS AND ADJUDGES** that:

1. The Debtor's objections to the Official Committee of Unsecured Creditors' Motion of Official Committee of Unsecured Creditors for Resolution of Dispute Concerning Election of Chapter 11 Trustee and to the U.S. Trustee's Report of Disputed Election of Chapter 11 trustee are overruled.

2. The results of the Election are deemed final. The election of David C. Profilet as the Chapter 11 Trustee is confirmed.

3. The Report of the U.S. Trustee of Disputed Election of Chapter 11 Trustee is accepted.

4. This Court retains jurisdiction to grant such other relief as the Court deems appropriate.

**DONE AND ORDERED.**